*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

TYREE MIQULE JACKSON,

        Defendant-Appellant.

UNPUBLISHED
October 22, 2020

No. 348466
Wayne Circuit Court
LC No. 18-008645-01-FC

Before: BOONSTRA, P.J., and MARKEY and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals by right his jury trial convictions of one count of assault with intent to murder (AWIM), MCL 750.83, one count of carrying a weapon with unlawful intent, MCL 750.226, one count of being a felon in possession of a firearm (felon-in-possession), MCL 750.224f, and three counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b.[1] The trial court sentenced defendant as a third-offense habitual offender, MCL 769.11, to concurrent prison terms of 10 years and 6 months to 17 years and 6 months for the AWIM conviction, 2 to 10 years for the carrying a weapon with unlawful intent conviction, and 2 to 10 years imprisonment for the felon-in-possession conviction, to be served subsequent to three concurrent two-year terms for the felony-firearm convictions, with 17 days jail credit. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

This case arises out of a shooting that occurred in Detroit on September 14, 2018. On that date, Shantell Johnson (Johnson) and the victim, Niko Robinson (Robinson), had a disagreement about which of them would care for their child that night. Johnson called her friend, Cheyenne Kelley (Kelley) and asked Kelley whether she could help Johnson retrieve her child from Robinson. When Kelley arrived and confronted Robinson, they began arguing. Robinson placed

---

[1] The trial court vacated a fourth felony-firearm conviction because defendant had not been convicted of the predicate felony, as discussed later in this opinion.

his open palm on Kelley's face and pushed her backward. Kelley then made a phone call to an unnamed individual and told the person on the phone that Robinson had pushed her.

Shortly after Kelley made the phone call, Johnson saw a man arrive in a vehicle, open the vehicle door, and begin shooting at Robinson. Robinson was shot in the chest and torso three times. After firing, the shooter exited the vehicle and, according to Robinson, stood over Robinson and said, "you hit my woman." Kelley then told the shooter that they needed to leave, and they drove away in the shooter's vehicle. Johnson drove Robinson to a hospital where Robinson underwent surgery and ultimately recovered. Johnson told a police officer that Kelley's boyfriend had shot Robinson and later identified defendant as the shooter. Robinson was not able to identify the man who had shot him.

Defendant was charged with one count of AWIM and, alternatively, of assault with intent to do great bodily harm less than murder (AWIGBH), one count of carrying a weapon with unlawful intent, and one count of felon-in-possession. Each felony charge was associated with a felony-firearm charge as the predicate felony for that charge. Johnson testified at trial that defendant had shot Robinson. She further testified that she knew that defendant and Kelley were in a romantic relationship, and that she had previously met defendant in person and had seen his photograph on social media.

Defendant wore an electronic ankle tether throughout the trial. As the trial court was instructing the jury after the close of proofs, defendant's ankle tether made a sound. The trial court ordered the jury cleared from the courtroom and discussed the issue with the parties. Defendant's counsel informed the trial court that he would not request a mistrial or a curative instruction because he did not wish to draw the jury's attention to the matter. The trial court completed the remainder of the jury instructions. In doing so, the trial court instructed the jury regarding the elements of felony-firearm in connection with the jury instructions for both AWIM and the alternative charge of AWIGBH.

Defendant was convicted and sentenced as described. This appeal followed.

## II. INSTRUCTIONAL ERROR

Defendant argues that the trial court erred by repeating the jury instruction regarding the elements of felony-firearm in connection with the jury instructions for both AWIM and AWIGBH. We conclude that defendant has waived any claim of error in this regard, but that even if we were to consider this claim, defendant cannot show that he was prejudiced by any error.

We generally review de novo claims of instructional error. *People v Dobek*, 274 Mich App 58, 82; 732 NW2d 546 (2007). A waiver is the intentional relinquishment or abandonment of a known right. *People v Kowalski*, 489 Mich 488, 504 n 27; 803 NW2d 200 (2011). "A defendant waives an issue by expressly approving of the trial court's action." *People v Miller*, 326 Mich App 719, 726; 929 NW2d 821 (2019) (citation omitted). "A defendant may waive his or her challenge to jury instructions." *Id.* (citation omitted). When the trial court asks whether a party has any objections to the jury instructions and the party responds in the negative, it is an affirmative approval of the trial court's instructions and waiver occurs. *Id.* "Waiver extinguishes any error, leaving nothing for this Court to review." *Id.* (citation omitted). We review unpreserved, but not

waived, issues for plain error affecting a defendant's substantial rights. *People v Head*, 323 Mich App 526, 537; 917 NW2d 752 (2018).

The trial court instructed the jury regarding the elements of felony-firearm in connection with the jury instructions for both AWIM and the alternative charge of AWIGBH. After the trial court instructed the jury, the trial court asked, "[a]re the attorneys satisfied with the instructions that have been given to the jurors?" Defense counsel responded, "[y]es." Therefore, defense counsel affirmatively approved of the trial court's jury instructions and defendant has waived appellate review of this issue.

In any event, defendant cannot demonstrate that he was prejudiced by the trial court's instructions. A defendant seeking reversal on the basis of plain error generally must show prejudice, i.e., "that the error affected the outcome of the lower court proceedings." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). Defendant argues that the trial court's instructions gave the jury the impression that it could convict defendant of three felonies but nonetheless convict him of four counts of felony-firearm. Even if this assertion were true, the trial court corrected the judgment of sentence by vacating the fourth felony-firearm charge. Defendant has not demonstrated that, despite this correction, he was somehow prejudiced.

## III. SUFFICIENCY OF THE EVIDENCE

Defendant also argues that the evidence presented at trial was insufficient to support his conviction for AWIM. We disagree.

"This Court reviews de novo a defendant's challenge to the sufficiency of the evidence supporting his or her conviction." *Miller*, 326 Mich App at 735. "Due process requires that the evidence show guilt beyond a reasonable doubt in order to sustain a conviction." *People v Unger*, 278 Mich App 210, 222; 749 NW2d 272 (2008) (citation and quotation marks omitted). "In reviewing a claim of insufficient evidence, [this Court] view[s] the evidence in a light most favorable to the prosecution to determine whether a rational trier of fact could have concluded that the elements of the offense were proven beyond a reasonable doubt." *Id.* "It is the jury's task to weigh the evidence and decide which testimony to believe." *Id.* All conflicts in the evidence must be resolved in favor of the prosecution, and we will not interfere with the jury's determinations regarding the weight of the evidence and the credibility of the witnesses. *Id.* Circumstantial evidence and reasonable inferences arising from the evidence may be sufficient to support a conviction. See *People v Nelson*, 234 Mich App 454, 459; 594 NW2d 114 (1999).

The elements of AWIM are: (1) an assault, (2) with actual intent to kill, (3) which, if successful, would make the killing murder. *People v Haynie*, 327 Mich App 555, 561; 934 NW2d 71 (2019), lv gtd 504 Mich 974 (2019). Additionally, identity is an essential element of every criminal prosecution. *People v Yost*, 278 Mich App 341, 354; 749 NW2d 753 (2008). Defendant's identity as the perpetrator of the charged crime must be proven beyond a reasonable doubt. *People v Nelson*, 234 Mich App 454, 459; 594 NW2d 114 (1999). Defendant does not challenge the evidence that an assault occurred or that, if death had resulted, the killing would have been murder; rather, he argues that the evidence was insufficient to prove his identity as the shooter or his intent to kill. We disagree.

-3-

## A. IDENTITY

The evidence presented at trial was sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was the shooter. Johnson testified that she saw defendant shoot Robinson approximately three times. Johnson was aware that defendant was in a romantic relationship with Kelley, and Johnson recognized defendant as the shooter because she had previously seen defendant both in person and on social media. After the shooting, Johnson spoke with several police officers. Although Johnson did not tell each of the police officers that defendant was the shooter, Johnson specifically identified defendant as the shooter when she spoke to a police sergeant.

Although Robinson did not identify who shot him, his testimony corroborated Johnson's in several respects. Robinson and Johnson both testified that Robinson had placed his open palm on Kelley's face and pushed her backward. Robinson and Johnson both observed Kelley make a telephone call to an unnamed individual. Although Robinson could not see who shot him, he testified that the shooter approached him after the shooting and stated, "you hit my woman." Considering that Johnson testified that defendant was in a romantic relationship with Kelley, that Robinson had pushed Kelley, and that the shooter told Robinson that, "you hit my woman," Robinson's testimony provided circumstantial evidence supporting Johnson's identification of defendant as the shooter and as Kelley's boyfriend. When viewed in a light most favorable to the prosecution, the evidence presented at trial was sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was the shooter. *Unger*, 278 Mich App at 222; *Yost*, 278 Mich App at 354.

## B. INTENT TO KILL

Defendant also argues that no reasonable trier of fact could have concluded that he had possessed the intent to kill, because rather than standing over and speaking to Robinson after shooting him three times, he could have shot him again. We disagree.

In order to support a conviction for AWIM, the prosecution must present sufficient evidence for a reasonable trier of fact to conclude that defendant possessed the specific intent to kill. *People v Brown*, 267 Mich App 141, 149; 703 NW2d 230 (2005). The jury may consider circumstantial evidence and draw reasonable inferences in finding an actual intent to kill. *Id*. at 149 n 5. Because of the difficulty in proving an actor's state of mind, minimal circumstantial evidence is sufficient. *People v McRunels*, 237 Mich App 168, 181; 603 NW2d 95 (1999).

> The requisite intent may be gleaned from the nature of the defendant's acts constituting the assault; the temper or disposition of mind with which they were apparently performed, whether the instrument and means used were naturally adapted to produce death, his conduct and declarations prior to, at the time, and after the assault, and all other circumstances calculated to throw light upon the intention with which the assault was made. [*Brown*, 267 Mich App at 149 n 5 (citations and quotation marks omitted).]

The jury heard evidence that defendant had pointed a firearm at Robinson and fired it multiple times, striking him three times from a relatively close distance. The jury was permitted to infer intent to kill from this conduct alone. See *People v Everett*, 318 Mich App 511, 530 n10;

899 NW2d 94 (2017) (noting that intent to kill may be inferred from the use of a deadly weapon, taking aim at a victim, and injury to a victim) (citation omitted), *People v Ackah Essien*, 311 Mich App 13, 25; 874 NW2d 172 (2015) (noting that a firearm falls within the definition of a "dangerous or deadly weapon.") Further, the jury heard evidence that defendant stood over Robinson after shooting him and told him, "you hit my woman," suggesting that defendant was motivated by anger or the desire for revenge. *Brown*, 267 Mich App at 149 n 5. Although defendant may have had the opportunity to shoot Robinson more than three times, the evidence presented at trial, when considered in a light most favorable to the prosecution, was sufficient to allow the jury to find beyond a reasonable doubt that defendant had intended to kill Robinson. *Unger*, 278 Mich App at 222.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant also argues that he was denied his Sixth Amendment right to the effective assistance of counsel when defense counsel declined to request a mistrial or a curative instruction after defendant's ankle tether made a noise while the trial court was instructing the jury. We disagree.

Because defendant did not move the trial court for a new trial or *Ginther*[2] hearing, our review of defendant's claim is limited to mistakes apparent on the record. *People v Johnson*, 315 Mich App 163, 174; 889 NW2d 513 (2016). "Whether a defendant has been deprived of the effective assistance of counsel presents a mixed question of fact and constitutional law[.]" *Id*. (citation omitted). A trial court's findings of fact, if any, are reviewed for clear error, while questions of constitutional law are reviewed de novo. *Id*. A trial court's finding is clearly erroneous if the reviewing court is left with a definite and firm conviction that a mistake has been made. *People v Lopez*, 305 Mich App 686, 693; 854 NW2d 205 (2014).

A defendant claiming ineffective assistance of counsel bears the burden of showing "(1) that trial counsel's performance was objectively deficient, and (2) that the deficiencies prejudiced the defendant." *People v Randolph*, 502 Mich 1, 9; 917 NW2d 249 (2018) (citation omitted). "A counsel's performance was deficient if it fell below an objective standard of professional reasonableness. The performance prejudiced the defense if it is reasonably probable that, but for counsel's error, the result of the proceeding would have been different." *People v Fyda*, 288 Mich App 446, 450; 793 NW2d 712 (2010). Effective assistance of counsel encompasses a wide range of professional assistance, and a defendant must overcome the strong presumption that the challenged action might be considered sound trial strategy. *People v LeBlanc*, 465 Mich 575, 578; 640 NW2d 246 (2002).

Defendant argues that the jury became aware that he was wearing an ankle tether after it made a noise, and thus defense counsel should have requested a mistrial or a curative instruction in an effort to avoid the possibility of any prejudice toward defendant.[3] We disagree. "This Court

---

[2] *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973).

[3] Although defendant's appellate brief does not specify the nature of the alleged prejudice against defendant, we presume that the prejudice would be in the nature of the "impairment of the

will not substitute [its] judgment for that of counsel on matters of trial strategy, nor will [this Court] use the benefit of hindsight when assessing counsel's competence." *Cooper*, 309 Mich App at 80. At trial, defense counsel stated that it was unclear whether the jurors knew that the sound came from defendant's ankle tether, that he did not believe a motion for a mistrial would be granted, and that defense counsel did not want to call the jury's attention to the ankle tether by requesting a curative instruction. The trial court agreed, at least impliedly, that a motion for a mistrial would likely be futile, stating that it had confirmed that the jurors could not see defendant's tether. Defense counsel's decision not to risk calling the jury's attention to the fact that defendant was wearing an ankle tether by requesting a curative instruction was sound trial strategy; the jury had merely heard a strange noise in the courtroom, and there is no indication on the record that the jury attributed the noise to defendant. This Court will not substitute its judgment for that of defense counsel on matters of trial strategy. *Id*. Furthermore, "[f]ailing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010) (citation omitted). Therefore, defense counsel's decision to refrain from requesting a mistrial or a curative instruction did not render his performance objectively deficient.

Even if defense counsel's conduct had fallen below an objective standard of reasonableness, defendant has not demonstrated that he was prejudiced by that conduct. Prejudice can be shown by establishing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Randolph*, 502 Mich at 9 (citation and quotation marks omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. (citation omitted). Defendant has failed to establish a reasonable probability that the outcome of the proceedings would have been different if defense counsel had requested a mistrial or a curative instruction. Again, the record does not indicate that the jury knew that defendant's ankle tether had made a noise; further, the trial court confirmed that the ankle tether was not visible. In any event, the trial court instructed the jurors that they could only consider evidence that was admitted at trial, including only the sworn testimony of witnesses and the exhibits admitted at trial. Jurors are presumed to follow their instructions. *People v Kowalski*, 492 Mich 106, 130 n 56; 821 NW2d 14 (2012) (citation and quotation marks omitted). A strange noise in the courtroom, even if it led the jury to speculate about its source, was not sworn testimony or admitted evidence. Defendant has failed to show prejudice.

Affirmed.

/s/ Mark T. Boonstra
/s/ Jane E. Markey
/s/ Karen M. Fort Hood

---

presumption of innocence" that may arise from a defendant wearing jail garb, shackles, or other indicia of being in state custody during trial. See *People v Shaw*, 381 Mich 467, 474; 164 NW2d 7 (1969).