*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ANTHONY DEAN HAMELIN, JR.,

        Defendant-Appellant.

UNPUBLISHED
July 15, 2021

No. 351153
Oakland Circuit Court
LC No. 2019-270495-FH

Before: RIORDAN, P.J., and M. J. KELLY and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals as of right his convictions and sentences for possession with intent to deliver less than 50 grams of heroin (possession with intent to deliver heroin), MCL 333.7401(2)(a)(*iv*); possession of less than 25 grams of cocaine (possession of cocaine), MCL 333.7403(2)(a)(*v*); possession of less than 25 grams of oxycodone (possession of oxycodone), MCL 333.7403(2)(a)(*v*); possession of alprazolam, MCL 333.7403(2)(b)(*ii*); and four counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant to concurrent terms of 1 to 20 years' imprisonment for possession with intent to deliver heroin, 11 months to 4 years' imprisonment for possession of cocaine, 11 months to 4 years' imprisonment for possession of oxycodone, and 11 months to 2 years' imprisonment for possession of alprazolam, each of which to be served consecutive to 2 years' imprisonment for the respective felony-firearm charges. We affirm.

## I. FACTUAL BACKGROUND

On December 6, 2018, several police officers searched defendant's home pursuant to a search warrant. In an upstairs bedroom, Detective Niedjelski found defendant waking from sleep on a bed. After defendant was secured and removed from the bedroom, Deputy Teelander searched the room and discovered, among other things, a loaded nine-millimeter Glock handgun with an extended magazine, a loaded nine-millimeter Bersa handgun, a pair of jeans with $1,810 in the pocket, marijuana, and multiple pieces of mail with defendant's name and address. Both handguns were in the closet, which was a foot or two from the headboard of the bed, and were visible from outside the closet. In the kitchen, Sergeant Jennings and Detective Mullins found what was later

-1-

determined to be 15.27 grams of a substance containing heroine and fentanyl, 0.29 grams of a substance containing cocaine, three pills containing oxycodone, and a press with heroin residue on it.[1]  In the dining room, Detective Sutton found four pills that were determined to contain alprazolam.  Based on this evidence, the jury found defendant guilty of possession with intent to deliver heroin, possession of cocaine, possession of oxycodone, possession of alprazolam, and four counts of felony-firearm, as already noted.

Defendant now appeals.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant argues the prosecution introduced insufficient evidence for a rational trier of fact to find beyond a reasonable doubt that he possessed a firearm while also possessing the drugs that supported his drug convictions.[2]  We disagree.

When considering whether there was sufficient evidence to support a conviction, we view the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could find the defendant guilty beyond a reasonable doubt.  *People v Tennyson*, 487 Mich 730, 735; 790 NW2d 354 (2010).  "Questions regarding the weight of the evidence and credibility of witnesses are for the jury, and this Court must not interfere with that role even when reviewing the sufficiency of the evidence."  *People v Carll*, 322 Mich App 690, 696; 915 NW2d 387 (2018).  We must draw all reasonable inferences in support of the verdict and resolve all conflicts in the evidence in favor of the prosecution.  *Id*.

A conviction for felony-firearm requires that the prosecution prove, beyond a reasonable doubt, "that the defendant possessed a firearm during the commission of, or the attempt to commit, a felony."  *People v Muhammad*, 326 Mich App 40, 61; 931 NW2d 20 (2018) (quotation marks and citation omitted).  Regarding the possession element, this Court has said:

> Possession of a firearm can be actual or constructive, joint or exclusive.  A person has constructive possession if there is proximity to the article together with indicia of control.  Put another way, a defendant has constructive possession of a firearm if the location of the weapon is known and it is reasonably accessible to the defendant.  Possession can be proved by circumstantial or direct evidence and is a factual question for the trier of fact. [*People v Johnson*, 293 Mich App 79, 83; 808 NW2d 815 (2011) (cleaned up).]

We conclude that the prosecution introduced sufficient evidence for a rational trier of fact to find that defendant possessed a firearm during the commission of the four drug offenses beyond

---

[1] Sergeant Jennings testified that drug traffickers use presses when "cutting" additives into drugs to increase the quantity they can sell.

[2] Each of the four drug charges in this case was accompanied by a felony-firearm charge.

a reasonable doubt.[3]  The firearms were within a few feet of defendant, and they were visible from outside the closet.  Moreover, mail with defendant's name and address was found throughout the bedroom, including in the closet, indicating that it was defendant's bedroom.  From this evidence, a rational trier of fact could find defendant constructively possessed the firearms as the police entered and searched his home because he was in close proximity to them, they were reasonably accessible to him, and he presumably knew they were there.  See *Johnson*, 293 Mich App at 83. Because the evidence supported a finding that defendant constructively possessed the four drugs and the firearms at the same time, the prosecution introduced sufficient evidence to support defendant's convictions for four counts of felony-firearm.

### III. PROSECUTORIAL ERROR AND INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues the prosecution deprived him of a fair trial by eliciting other-acts evidence from Sergeant Jennings without giving the notice required by MRE 404(b)(2).  Defendant also argues that if his defense counsel opened the door to this testimony, he was deprived of his right to the effective assistance of counsel.  We disagree.

"In order to preserve an issue of prosecutorial misconduct, a defendant must contemporaneously object and request a curative instruction." *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010).[4]  Defendant did not object when the prosecution elicited the challenged testimony or request a curative instruction.  Therefore, his claim of prosecutorial error is unpreserved.  Defendant also failed to preserve his claim that his defense counsel provided ineffective assistance by moving the trial court for a new trial or evidentiary hearing, *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012), or moving this Court to remand to the trial court for a hearing on the matter, *People v Abcumby-Blair*, ___ Mich App ___, ___; ___ NW2d ___ (2020) (Docket No. 347369); slip op at 8.[5]

"Unpreserved claims of prosecutorial misconduct are reviewed for plain error affecting substantial rights." *People v Brown*, 294 Mich App 377, 382; 811 NW2d 531 (2011).  The plain-error test has been explained as follows:

> To avoid forfeiture of review of this issue under the plain error rule, the defendant must demonstrate that: (1) an error occurred, (2) the error was plain, i.e., clear or obvious, and (3) the plain error affected the defendant's substantial rights.  The third factor requires a showing of prejudice, meaning that the error must have

---

[3] Defendant does not contest the sufficiency of the evidence with respect to the underlying drug offenses and conceded possession of the drugs at trial.

[4] "[A] more accurate label for most claims of prosecutorial misconduct is 'prosecutorial error,' while only the most extreme cases rise to the level of 'prosecutorial misconduct.' " *People v Caddell*, 332 Mich App 27, 71 n 10; 955 NW2d 488 (2020).  We thus refer to "prosecutorial error" unless quoting otherwise.

[5] While defendant moved this Court to remand to the trial court, he did so only for the trial court to address his resentencing argument that is addressed later.  Therefore, his motion did not preserve this particular claim of ineffective assistance of counsel.

affected the outcome of the lower court proceedings. If the defendant satisfies these three requirements, this Court must then exercise discretion in deciding whether to reverse. Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant, or when an error seriously affected the fairness, integrity, or public reputation of the judicial proceedings. [*People v McLaughlin*, 258 Mich App 635, 645; 672 NW2d 860 (2003) (citations omitted).]

A claim of ineffective assistance of counsel generally presents a mixed question of fact and law, with findings of fact, if any, being reviewed for clear error and constitutional questions being reviewed de novo. *People v Hieu Van Hoang*, 328 Mich App 45, 63; 935 NW2d 396 (2019). However, when there has been no evidentiary hearing, our review is limited to mistakes apparent on the record. *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009).

A prosecutor's responsibility is not merely to obtain convictions, but to seek justice. *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007). As such, "the test for prosecutorial misconduct is whether a defendant was denied a fair and impartial trial." *Id*. We determine whether the prosecution committed error on a case-by-case basis after examining the entire record and evaluating the prosecution's conduct in context. *Id*. at 64. Defendant's claim of prosecutorial error involves the introduction of other-acts evidence. Such evidence is governed by MRE 404(b), which prohibits the admission of other crimes, wrongs, or acts "to prove the character of a person in order to show action in conformity therewith." MRE 404(b)(1).

Criminal defendants have the right to effective assistance of counsel. *Heft*, 299 Mich App at 81; US Const, Am VI; Const 1963, art 1, § 20. Defense counsel is presumed to provide effective assistance, and a defendant bears a heavy burden to overcome that presumption. *People v Jackson*, 313 Mich App 409, 431; 884 NW2d 297 (2015).

[A] defendant must show that his counsel's performance was deficient, and that there is a reasonable probability that but for that deficient performance, the result of the trial would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. A defendant must establish a factual basis for an ineffective-assistance-of-counsel claim. [*Hieu Van Hoang*, 328 Mich App at 64 (quotation marks and citations omitted).]

While cross-examining Sergeant Jennings, defense counsel probed the content of the affidavit used to secure a search warrant for defendant's home:

[*Defense Counsel*:] Within the last two or three months while investigating [defendant] for drug activity, you obtained a confidential informant and you had that confidential informant call him up some way or another and he bought different drugs, whether it was heroin or cocaine or whatever from [defendant]; correct, sir?

[*Sergeant Jennings*:] That's correct.

[*Defense Counsel*:] And then within 48 hours upon the issuance of a search warrant, within two days, you—you did your last controlled buy before you enter into the house based upon the search warrant, correct?

-4-

[*Sergeant Jennings*:]  That's correct.

[*Defense Counsel*:]  And during those four buys, as we call them, there was—was it also true that there was no evidence of [defendant] ever brandishing a gun, carrying a gun, showing a gun?

[*Sergeant Jennings*:]  I—

[*Defense Counsel*:]  Is there anything—

[*Sergeant Jennings*:]  In the affidavit?

[*Defense Counsel*:]  Yeah.

[*Sergeant Jennings*:]  No.

[*Defense Counsel*:]  Nothing in the affidavit—nothing in the affidavit that you went in front of a judge swearing there was—that there [were] guns being brandished, shown, threatened, any type of manner; correct, sir?

[*Sergeant Jennings*:]  I believe so, correct.

[*Defense Counsel*]:  I have nothing else at this time of this officer, thank you.

Immediately after this exchange, on redirect examination, the prosecution asked, "Based on defense counsel's question, was there any—ever any indication of a gun being available at the controlled buys?"  When Sergeant Jennings testified that there was, the prosecution asked for him to elaborate.  Sergeant Jennings stated: "[D]uring one of my controlled buys during the investigation, a firearm was seen."  Then, at defense counsel's prompting, Sergeant Jennings reiterated there was no mention of a firearm being present at a controlled buy in the search warrant.

We need not decide whether the prosecution committed error by violating MRE 404(b) or whether defense counsel performed deficiently by inviting such error.[6]  In either event, relief is not warranted because the evidence that defendant constructively possessed the firearms was overwhelming.  The two firearms were mere feet from defendant in his closet when officers entered his home.  The notion that defendant was unaware of the contents of his bedroom closet is quite improbable, particularly where the contents at issue here—the firearms—were visible from the doorway of the closet.  In fact, the evidence that defendant possessed the firearms was stronger than the evidence that he possessed the drugs by virtue of how close the firearms were to defendant relative to the drugs.  Yet defendant does not contest the jury's finding that he possessed the drugs.  Moreover, Sergeant Jennings's testimony was particularly vague.  All the jury knew was that, at

---

[6] " 'Invited error' is typically said to occur when a party's own affirmative conduct directly causes the error." *People v Jones*, 468 Mich. 345, 352 n. 6; 662 N.W.2d 376 (2003).

some point in the months before officers searched defendant's home, "a firearm was seen" at a controlled buy. The jury was unlikely to give this evidence much, if any, weight. Therefore, any prosecutorial error did not affect defendant's substantial rights, *Brown*, 294 Mich App at 382, and any ineffective assistance did not result in a reasonable probability that the outcome of trial would have been different but for the ineffective assistance, *Hieu Van Hoang*, 328 Mich App at 64.[7]

## IV. OFFENSE VARIABLE 2

Defendant also argues the trial court erred by assigning 5 points to offense variable (OV) 2 and that his defense counsel was ineffective for failing to object to the same because there was insufficient evidence to find defendant possessed a firearm when he committed the underlying drug offenses. We disagree.

"When reviewing a trial court's scoring decision, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Walker*, 330 Mich App 378, 389; 948 NW2d 122 (2019) (quotation marks and citation omitted). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013), superseded in part on other grounds by statute as recognized by *People v Rodriguez*, 327 Mich App 573, 579 n 3; 935 NW2d 51 (2019).

The trial court assigned 5 points for OV 2. A sentencing court must assign 5 points for OV 2 if "[t]he offender possessed or used a pistol . . . ." MCL 777.32(1)(d). As discussed, there was sufficient evidence for the jury to find, beyond a reasonable doubt, that defendant possessed two firearms—in this case, pistols—during his commission of the underlying drug offenses. Therefore, the trial court was required to assign 5 points for OV 2. MCL 777.32(1)(d). Moreover, "[f]ailing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010). Therefore, the trial court did not err and defense counsel was not ineffective.

## V. CONCLUSION

There were no errors warranting relief. Accordingly, we affirm.

/s/ Michael J. Riordan
/s/ Michael J. Kelly
/s/ Douglas B. Shapiro

---

[7] We recognize that claims of plain error and ineffective assistance are not necessarily interchangeable. See *People v Randolph*, 502 Mich 1, 5; 917 NW2d 249 (2018). We simply conclude that because the evidence that defendant possessed the firearms was overwhelming, he cannot show prejudice for either claim.