Viviano, J.
**5 This case requires us to consider whether a defendant's failure to satisfy the plain-error test in connection with a legal mistake by the trial court necessarily precludes the defendant from establishing the ineffective assistance of his trial counsel relating to that same mistake. Because these standards of review have separate legal elements that focus on different facts, we hold that a failure to satisfy the plain-error test will not, without more, foreclose a defendant's claim of ineffective assistance of trial counsel. This is true even when the subject of each claim is the same. Therefore, even when a defendant cannot succeed on a claim being reviewed for plain error, courts may not simply conclude, without independent consideration, that a defendant is unable to succeed on an ineffective-assistance claim relating to the same underlying issue.
In the instant case, the Court of Appeals conflated the two standards of review, and therefore failed to properly analyze defendant's ineffective-assistance claims. Therefore, we reverse the Court of Appeals' holdings regarding those claims and remand the case to that Court for reconsideration of those claims in light of the analysis below.
I. FACTS AND PROCEDURAL HISTORY
Defendant lived with his girlfriend, Kanisha Fant. They quarreled throughout the night of December 9, **6 2012, with defendant making various threats against Fant's family. *251 At some point, he packed his belongings into bags but left them behind when he departed. Kanisha's mother, Vena Fant, brought the bags to the home of defendant's father, Alphonso Taylor.
The next day, gunshots struck Vena's home. One bullet pierced Vena's neck, killing her. After the police arrived, defendant showed up at the scene and was taken into custody. The police lacked sufficient evidence to charge defendant, however, and he was released. The same day, without a search warrant, the police obtained Taylor's consent to search the bags containing defendant's belongings. They found several rounds of .357 ammunition. The Bureau of Alcohol, Tobacco, Firearms, and Explosives was alerted, and it obtained an arrest warrant for defendant's violation of federal law prohibiting a felon (which he was) from possessing ammunition.
In February 2013, an arrest warrant was issued and executed on defendant at his brother's apartment, where defendant had been staying. Because his brother was on parole, the police searched the apartment based on his brother's parolee status.[1] During the search, they found a handgun linked to the homicide.
Defendant was charged with first-degree premeditated murder and felony-firearm, among other things. The prosecution's case relied, in part, on testimony about threats defendant had made to the victim's family on December 10 and evidence of the ammunition and gun found during the investigation. Regarding the threats, Linda Wilkerson, the sister of Vena's fiancé, testified that Vena said that defendant, throughout **7 the day, had been calling and threatening to kill the family. Vena told Wilkerson that everyone needed to be alert. Defense counsel did not object to this testimony, nor did he object to the admission of the ammunition and gun.
Defendant was convicted of the lesser offense of second-degree murder, MCL 750.317, discharging a firearm into a building, MCL 750.234b, being a felon in possession of a firearm, MCL 750.224f, and possessing a firearm during the commission of a felony, MCL 750.227b. On appeal, defendant argued, among other issues, that his trial counsel was constitutionally ineffective, and the Court of Appeals remanded to the trial court for a Ginther[2] hearing.[3] Defendant's father, Taylor, testified at the hearing that defendant was not living at his house when Vena brought defendant's belongings there, and, in fact, had never lived there. Taylor was told to give the bags to defendant, and he testified that he never touched the bags or received defendant's permission to open them. When the police searched the items, they never asked if Taylor had permission to go through them. Trial counsel admitted at the hearing that there was no strategic reason for failing to file a motion to suppress the ammunition found at Taylor's house. He simply thought defendant lacked standing to make such a claim.
The trial court rejected defendant's claim of ineffective assistance of trial counsel, finding that counsel's performance was not deficient and that, in any case, defendant was not prejudiced. Defendant appealed. He also raised a host of unpreserved errors, asking that they be reviewed for plain error. For the reasons **8 *252 discussed below, the Court of Appeals affirmed defendant's conviction, finding neither his claims of trial court error nor his claim of ineffective assistance persuasive.[4] Defendant sought leave to appeal in this Court, and we ordered briefing on "whether a defendant's failure to demonstrate plain error precludes a finding of ineffective assistance of trial counsel; and, in particular, ... whether the prejudice standard under the third prong of plain error ... is the same as the Strickland [v. Washington ] prejudice standard ...."[5]
II. STANDARD OF REVIEW
Questions of law, such as the applicability of legal doctrines to a given set of facts, are reviewed de novo.[6]
III. ANALYSIS
The issue in this case involves the relationship between the standards for reviewing unpreserved claims that the trial court erred (which are reviewed for plain error) and related claims that trial counsel was constitutionally ineffective. Does a defendant's failure to demonstrate the former preclude him or her from being able to demonstrate the latter? This question arises because it is not uncommon for a defendant to challenge the same underlying error through both frameworks.[7] Here, for example, defendant **9 claims that the trial court's admission of the murder weapon and ammunition was plain error, while also claiming that his trial counsel's failure to object to the admission of that evidence constitutes ineffective assistance. Thus his basic challenge to the admission of the evidence is made in two separate claims for relief. He approaches the admission of Vena's statements similarly, contending on the one hand that the trial court plainly erred by admitting them, and on the other hand that his attorney was constitutionally deficient for allowing that error to happen. Does defendant's inability to satisfy the plain-error test preclude him from satisfying the Sixth Amendment test when he is complaining about the same underlying mistake?
Our analysis begins with a simple examination of the elements of each standard of review. Under Strickland v. Washington , establishing ineffective assistance requires a defendant to show (1) that trial counsel's performance was objectively deficient, and (2) that the deficiencies prejudiced the defendant.[8] Prejudice means "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.
*253 A reasonable probability is a probability sufficient to undermine confidence in the outcome."[9]
**10 Our plain-error standard, governing unpreserved errors at trial, derives from federal law.[10] As we noted in People v. Carines , the test has four elements:
1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) ... the plain error affected substantial rights ... [, and 4) ] once a defendant satisfies these three requirements, an appellate court must exercise its discretion in deciding whether to reverse. Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence.[11 ]
A "clear or obvious" error under the second prong is one that is not "subject to reasonable dispute."[12] The third Carines element "generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings."[13]
As an initial matter, the specific error that is the focus of each standard is different. It is the trial court's unobjected-to error that is the subject of plain-error review.[14] By contrast, the "ultimate determination" of an ineffective-assistance claim "is not the propriety of the trial court's actions with regard to an alleged error, **11 but whether defendant has suffered a genuine deprivation of his right to effective assistance of counsel ...."[15] There will no doubt be occasions when both standards are relevant; trial counsel's deficient performance will often result in a trial court error, but the claims associated with each type of error have their own elements and require different analyses. In evaluating a trial court's error the appellate court is making one determination, and in evaluating trial counsel's deficient performance, the determination is different.[16] *254 The tests for each determination reflect their differences. The first two prongs of the plain-error standard require that an error exist and that it be obvious.[17] Neither of these alone satisfies either Strickland prong. A trial court's error does not tell U.S. (1) whether counsel performed deficiently with respect to that trial court error or (2), if counsel's performance was deficient, whether it prejudiced the defendant.[18] The obviousness **12 of the error, the second plain-error test element, is no different. While in some instances an obvious error may correlate with counsel's ineffectiveness in responding to it and the prejudice resulting from that failure, in others instances it will not.
Examples are helpful. A defendant might appeal a trial court's obvious error of permitting a prosecutor to extensively reference the defendant's post-arrest, post- Miranda[19] silence,[20] a clear due process violation. But nothing about that obvious error by the court, without more, helps the defendant meet his or her burden in bringing an ineffective-assistance claim, because Strickland 's two prongs ask different questions. At issue in a claim of ineffective assistance of counsel is whether counsel's failure to object to the improper evidence was constitutionally deficient, and if so whether that failure prejudiced the defendant. And "[c]ounsel may decide, for strategic reasons, not to object to an obvious error."[21] If counsel's strategy is reasonable, then his or her performance was not deficient.[22]
Conversely, an error's lack of obviousness does not, without more, necessarily preclude an ineffective-assistance **13 claim relating to the same issue. Simply because an error was unclear does not mean that counsel could let it pass without objection. Indeed, an ineffective-assistance claim might allege deficient performance that caused the error to be unclear. For example, an examination of defense counsel's performance might reveal that he or she deficiently failed to develop the record or pursue a line of questioning that would have made an error obvious.[23] In such a case, it would be circular to reject the ineffective-assistance claim on the grounds that the error was not clear under the plain-error standard. Trial counsel's own *255 deficient performance-e.g., his or her failure to develop the record making the error clear-would make it impossible for the defendant to have that unconstitutional performance evaluated.[24] **14 Each standard does require a showing of prejudice: Carines 's third prong and Strickland 's second. But even here, a finding that a defendant failed to satisfy the prejudice prong when complaining about an error by the court will not necessarily mean that the defendant is unable to prevail on an ineffective-assistance claim relating to the same underlying issue. In fact, the record on which the claims are assessed will typically be different. An appellate court need not look beyond the trial court record when reviewing a trial court's mistake for plain error; an "appellate court can find and correct the error without any entanglement in contested or unknown facts ...."[25] That is the nature of plain-error review.
By contrast, the errors underlying ineffective-assistance claims often are not apparent from the trial record but instead require additional evidentiary development.[26] This is because ineffective-assistance claims center on deficiencies in the defense counsel's decision-making, which will not always reveal themselves in the official record.[27] As the United States Supreme Court has noted, the trial record is "devoted to issues of guilt or innocence" and will often "not disclose the facts necessary to decide either prong of the Strickland analysis. If the alleged error is one of **15 commission, the record may reflect the action taken by counsel but not the reasons for it."[28] Further, "[w]ithout additional factual development, ... an appellate court may not be able to ascertain whether the alleged error was prejudicial."[29] For these reasons, in Michigan, a defendant can seek an evidentiary hearing in the trial *256 court on defense counsel's performance and then bring an ineffective-assistance claim on direct appeal with the benefit of the augmented hearing record.[30]
Because facts outside the trial record could be critical to an ineffective-assistance claim, a court presented with such a claim coupled with a related plain-error argument cannot simply plug in the plain-error prejudice analysis for the ineffective-assistance prejudice analysis. As with the remaining elements of each claim, a court must evaluate the record evidence relevant to each independent legal claim.
Finally, Carines 's fourth prong-focusing on manifest injustice-lacks any analog in the Strickland test. In short, the elements of an ineffective-assistance claim evaluate counsel's performance, and while sometimes a trial court's error relating to the same underlying issue will have facts in common with that Sixth Amendment claim, the legal framework for each operates independently. All of this makes sense, given the different types of errors each test is meant to address. There is no easy shortcut when reviewing separate appellate claims of the court's and counsel's errors, even where those errors have as their focus the same underlying issue.
**16 Our holding here thus does not change the fundamental nature of the analyses for plain error and ineffective assistance. Rather, we merely seek to emphasize that courts should address ineffective-assistance claims based on the pertinent inquiry-the effect of counsel's deficient performance-considering the pertinent facts, which may include facts developed at an evidentiary hearing.
IV. APPLICATION
In this case, we conclude that the Court of Appeals impermissibly conflated the plain-error and ineffective-assistance standards at least twice. The first involved the admission of the ammunition and murder weapon. Defendant contends that this evidence was the fruit of an unlawful search under the Fourth Amendment. According to defendant, the search, which occurred at his father's home, was unlawful because his father lacked actual or apparent authority to consent to the police officers' request to search defendant's bags. The discovery of the ammunition among the belongings resulted in the involvement of the federal agents, which led to the arrest warrant and culminated in the execution of the warrant at defendant's brother's home. The search of that home was possible because of his brother's parolee status. And it was during that search that the murder weapon was found. Thus, according to defendant, the gun and ammunition were only discovered because of the initial illegal search of defendant's belongings and were therefore inadmissible.[31]
**17 The Court of Appeals held that "defendant has not met his burden of establishing a plain error affecting his substantial rights"[32] regarding the impropriety of the search and introduction of the *257 allegedly illegal fruits of that search, albeit without a perfectly clear explanation for that conclusion. On the one hand, the panel reasoned that defendant might have lacked standing to object to the search because "the fact that defendant left his belongings behind when he fled and never returned suggested that he abandoned his belongings ...."[33] But the Court also stated that "[w]hile it is possible that defendant was responsible for having his things transferred to Taylor, such that he may not have abandoned them, the available record lacks sufficient information to make that determination."[34] Finally, the Court observed that "even assuming that the ammunition was found as the result of an illegal search, the record does not contain sufficient information to determine whether the gun was likewise subject to suppression."[35]
It seems the Court's holding was based on Carines 's second prong, i.e., any error was not obvious. Indeed, by stating that the "available record [was] insufficient to establish a Fourth Amendment violation,"[36] the Court suggested that any error was not readily apparent from the record.
**18 But defendant also challenged his counsel's effectiveness relating to the introduction of this evidence. Specifically, he alleged that his counsel's failure to move to suppress the evidence constituted deficient performance and that it prejudiced him. The panel did not evaluate counsel's performance or the prejudice that resulted from it at all, instead relying on its plain-error work: "Similarly, defendant has failed to establish plain error in the admission of the evidence regarding the ammunition, defendant's arrest on the federal warrant, and the guns, and thus his related ineffective assistance of counsel claims must also fail."[37] In other words, defense counsel was not ineffective because the error would not have been obvious to the trial court. Of course, obviousness to the trial court is not an element of the Strickland test, nor is it even always relevant. And, as explained previously, an error's obscurity could be due to trial counsel's deficient performance, if he or she failed to develop the record in a manner that would have made the errors clear. Given the centrality of the gun and ammunition to the prosecution's case, any ineffective assistance resulting in their admission might have prejudiced defendant. The proper analysis would apply Strickland 's two prongs and ask whether counsel's failure to object to the evidence constituted prejudicial deficient performance.
The Court of Appeals made the same mistake in its evaluation of the admission of Vena's statements through the testimony of her fiancé's sister, Wilkerson. According to Wilkerson, Vena claimed that defendant had been threatening Vena's family. Defendant has contended on appeal that those hearsay statements **19 were inadmissible and that the trial court erroneously admitted them as excited utterances.[38]
In its plain-error analysis of this issue, the Court of Appeals rejected defendant's argument for two reasons. First, it concluded that any error in admitting the testimony was not clear or obvious given *258 defendant's failure to object.[39] Second, as an alternative rationale, the Court reasoned that any plain error "did not affect defendant's substantial rights"-i.e., did not prejudice defendant-because "[Vena's] statement to Wilkerson was evidence that the subsequent shooting was done with a premeditated intent to kill, but defendant was acquitted of first-degree murder and convicted of second-degree murder, which was supported by other evidence unrelated to this hearsay statement."[40]
Defendant also claimed that his attorney was ineffective for failing to object to this hearsay evidence. In its consideration of that question, the Court simply noted that defendant's claim "must fail" because his plain-error claim failed.[41] The Court continued, "Even if we were to accept defendant's claim that Vena's first statement to Wilkerson was inadmissible hearsay, defendant cannot show that he was prejudiced by counsel's failure to object [to the hearsay] for the reasons discussed earlier."[42]
**20 The Court of Appeals' first rationale for rejecting defendant's plain-error claim-that the error was not obvious-cannot justify rejecting defendant's ineffective-assistance claim. Once again, defense counsel's own deficient performance might have cloaked the obviousness of an error (and in fact the panel's reasoning suggests that it might well have), but that failure cannot then preclude an ineffective-assistance claim. The questions the Court needed to answer were whether counsel's failure to object was deficient performance and whether it prejudiced defendant.
The Court's second rationale was that defendant had not established plain error because he could not show that the admission of the statements prejudiced him-specifically, because the hearsay statements were relevant to establishing premeditation but the jury rejected premeditation by acquitting defendant of first-degree murder. But the Court could reach this conclusion only after properly applying Strickland , which requires considerations of defense counsel's actions and their effect in light of all of the evidence relating to that claim, including that developed at any evidentiary hearing.
That proper application is not evident in the Court's opinion. The Court parsed the testimony and the claims of error relating to it. It stated that even if "Vena's first statement to Wilkerson was inadmissible hearsay," defendant could not show prejudice.[43] It appears that the "first statement" was Vena's comment that defendant had "been calling all day threaten' [sic] to kill the family, especially Lo and Vontay."[44] But Wilkerson also testified that Vena said she might call her son to warn him about the threats. In response to **21 the prosecutor's question, " 'How was it that Vena said it?' Wilkerson answered, 'She said, she's like, well, we better watch out. He said he's goin' get us, we better be on the alert. It was more or less like that type of-we better, we better watch out 'cause he said *259 he's goin' get us, he's goin' kill us, he's goin' kill us.' "[45]
The Court of Appeals did not address these additional statements in its ineffective-assistance analysis. But, in its plain-error analysis, the Court rejected defendant's argument because it was unclear whether Wilkerson gave an unresponsive answer or whether she answered by demonstrating the tone and manner in which Vena had made the statements. Seemingly, then, the Court thought any error in admitting this testimony was not clear or obvious (i.e., defendant failed to satisfy Carines 's second prong). Again, a defendant's failure to satisfy the second prong of Carines 's plain-error test (that the error was obvious) does not foreclose an ineffective-assistance claim, which evaluates questions separate from the obviousness of an error. But other than the error's lack of obviousness, the Court of Appeals offered no other reason for rejecting defendant's ineffective-assistance claim regarding these subsequent hearsay statements from Vena. Consequently, it either failed to address defendant's ineffective-assistance argument concerning the subsequent statements or it once again impermissibly conflated the plain-error and ineffective-assistance analyses.[46]
**22 These errors are sufficient to require a remand to the Court of Appeals so it can apply the appropriate framework in evaluating defendant's ineffective-assistance claims. On remand, the Court of Appeals shall closely reassess all of defendant's ineffective-assistance arguments under the Strickland standard, taking into account the record evidence relevant to that standard.[47]
V. CONCLUSION
In this case we hold that a defendant's inability to satisfy the plain-error standard in connection with a specific trial court error does not necessarily mean that he or she cannot meet the ineffective-assistance standard regarding counsel's alleged deficient performance relating to that same error. Courts must independently analyze each claim, even if the subject of a defendant's claim relates to the same error. Because the Court of Appeals failed to apply Strickland to defendant's ineffective-assistance claims, we reverse the Court of Appeals' holdings as to those claims and remand this case to the Court of Appeals to review those claims under the Strickland framework in light of the trial record and the record produced at the Ginther hearing.
Stephen J. Markman, Brian K. Zahra, Bridget M. McCormack, Richard H. Bernstein, Kurtis T. Wilder, concurs.
Clement, J., took no part in the decision of this case.

See Mich. Admin Code, R 791.7735(2) (permitting a parole agent to conduct a warrantless search of a parolee's property when the agent has reasonable cause to believe a parole violation exists).

People v. Ginther , 390 Mich. 436, 212 N.W.2d 922 (1973).

People v. Randolph , unpublished order of the Court of Appeals, entered March 26, 2015 (Docket No. 321551), p. 1.

People v. Randolph , unpublished per curiam opinion of the Court of Appeals, issued November 24, 2015 (Docket No. 321551), pp. 6-10, 2017 WL 2380729.

People v. Randolph , 500 Mich. 999, 895 N.W.2d 181 (2017), citing Strickland v. Washington , 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984).

People v. Dupree , 486 Mich. 693, 702, 788 N.W.2d 399 (2010) ; People v. Thousand , 465 Mich. 149, 156, 631 N.W.2d 694 (2001).

See, e.g., Gordon v. United States , 518 F.3d 1291, 1298 (C.A. 11, 2008) (noting that an "unobjected-to error" subject to plain-error review could be articulated as a claim of ineffective assistance); Rhoades v. State , 848 N.W.2d 22, 33 (Iowa, 2014) (Mansfield, J., concurring) (noting that while Iowa does not recognize a plain-error rule, "[i]n some respects, we are using ineffective assistance as a substitute for a plain error rule"); see also United States v. Saro , 306 U.S.App.D.C. 277, 281, 24 F.3d 283 (1994) ("[T]here is a natural analogy between the assertion of 'plain error' and the assertion of ineffective assistance of counsel.").

Strickland , 466 U.S. at 688, 104 S.Ct. 2052 ; see also People v. Pickens , 446 Mich. 298, 338, 521 N.W.2d 797 (1994) (adopting the Strickland test as the standard for ineffective assistance under Michigan's Constitution).

Strickland , 466 U.S. at 694, 104 S.Ct. 2052.

See People v. Grant , 445 Mich. 535, 553, 520 N.W.2d 123 (1994) (adopting the plain-error test for unpreserved nonconstitutional errors from United States v. Olano , 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed. 2d 508 (1993) ).

People v. Carines , 460 Mich. 750, 763-764, 597 N.W.2d 130 (1999) (rearticulating the Olano /Grant standard and applying it to unpreserved constitutional errors) (quotation marks and citation omitted).

Puckett v. United States , 556 U.S. 129, 135, 129 S.Ct. 1423, 173 L.Ed. 2d 266 (2009).

Carines , 460 Mich. at 763, 597 N.W.2d 130.

See, e.g., Saro , 24 F.3d at 286 ("Obviousness" for purposes of plain-error review "is assessed from the perspective of the trial court; the error must be 'so "plain" the trial judge and prosecutor were derelict in countenancing it, even absent the defendant's timely assistance in detecting it.' "), quoting United States v. Frady , 456 U.S. 152, 163, 102 S.Ct. 1584, 71 L.Ed. 2d 816 (1982).

Deck v. State , 68 S.W.3d 418, 428 (Mo., 2002).

See generally United States v. Carthorne , 878 F.3d 458, 465 (C.A. 4, 2017) ("Plain error review by appellate courts is used 'to correct only particularly egregious errors' by a trial court. ... By comparison, the ineffective assistance inquiry on collateral review does not involve the correction of an error by the district court, but focuses more broadly on the duty of counsel to raise critical issues for that court's consideration."); see also Hagos v. People , 2012 CO 63, 288 P.3d 116, 121 (Colo., 2012) ("The two claims serve different purposes and each requires an independent, fact-specific analysis. The [plain-error analysis] addresses whether the prejudice resulted from the trial court's acts or omissions, while the ineffective assistance claim examines whether prejudice resulted from counsel's acts or omissions.").

Carines , 460 Mich. at 763, 597 N.W.2d 130.

The inverse is true as well. While counsel's failure to object to testimony or argument that the trial court properly admitted might rarely constitute ineffective assistance, see generally People v. Riley (After Remand) , 468 Mich. 135, 142, 659 N.W.2d 611 (2003) ("Ineffective assistance of counsel cannot be predicated on the failure to make a frivolous or meritless motion."), we cannot categorically state that any time a defendant is unable to satisfy the first prong of Carines , a Strickland claim relating to the same issue must fail, given the different elements of each test.

Miranda v. Arizona , 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694 (1966).

See, e.g., People v. Shafier , 483 Mich. 205, 224, 768 N.W.2d 305 (2009).

Gordon , 518 F.3d at 1300.

See, e.g., People v. Carbin , 463 Mich. 590, 600, 623 N.W.2d 884 (2001) ("In [proving deficient performance], the defendant must overcome a strong presumption that counsel's performance constituted sound trial strategy."), citing Strickland , 466 U.S. at 690, 104 S.Ct. 2052.

See Ex parte Taylor , 10 So.3d 1075, 1079 (Ala., 2005) (Stuart, J., concurring) (noting that the trial record might, in certain cases, support a finding of no plain error, but that "on subsequent review of facts developed surrounding counsel's performance with regard to the issue, the more developed record might lead to the conclusion that counsel's errors with regard to making the record for review of the substantive claim" constituted ineffective assistance).

Indeed, the very reason for the plain-error framework, with its extra elements (particularly Carines 's fourth prong), is for instances in which defense counsel failed to preserve the argument by raising it in the trial court. See Carines , 460 Mich. at 764-765, 597 N.W.2d 130 ("[R]equiring a contemporaneous objection provides the trial court 'an opportunity to correct the error, which could thereby obviate the necessity of further legal proceedings and would be by far the best time to address a defendant's constitutional and nonconstitutional rights.' "), quoting Grant , 445 Mich. at 551, 520 N.W.2d 123 ; Deck , 68 S.W.3d at 427 ("If no objection was made or the error was otherwise not preserved, then the trial court cannot normally be accused of error in its rulings, much less prejudicial error."). Had the claim been preserved by contemporaneous objection, the error would have been brought to the court's attention and a different standard would guide the reviewing court. And, of course, the failure to object in the first place might itself constitute ineffective assistance.

United States v. Caputo , 978 F.2d 972, 974 (C.A. 7, 1992).

See 3 LaFave, Criminal Procedure (4th ed.), § 11.7(e), p. 962 ("Appellate courts uniformly note that where a claim of ineffective assistance of trial counsel could be more fully developed by evidence outside the trial record, the preferable procedure is to present it initially in a setting that permits an evidentiary hearing.").

See Massaro v. United States , 538 U.S. 500, 505, 123 S.Ct. 1690, 155 L.Ed. 2d 714 (2003) (noting that it was preferable for ineffective-assistance claims to be brought on collateral review because on direct review the "trial record [is] not developed precisely for the object of litigating or preserving the claim and thus [is] often incomplete or inadequate for this purpose").

Id .

Id . ; see also Gov't of Virgin Islands v. Vanterpool , 767 F.3d 157, 163 (C.A. 3, 2014) (noting that ineffective-assistance claims are not "usually cognizable" on direct review because there typically is not "a record developed enough to assess the efficacy of defense counsel").

Ginther , 390 Mich. at 443-444, 212 N.W.2d 922.

See generally Segura v. United States , 468 U.S. 796, 804, 104 S.Ct. 3380, 82 L.Ed. 2d 599 (1984) ("[T]he exclusionary rule [i.e., the suppression of illegally seized evidence] reaches not only primary evidence obtained as a direct result of an illegal search or seizure, ... but also evidence later discovered and found to be derivative of an illegality or 'fruit of the poisonous tree.' ") (citations omitted); People v. LoCicero (After Remand) , 453 Mich. 496, 508, 556 N.W.2d 498 (1996) ("The exclusionary rule forbids the use of direct and indirect evidence acquired from governmental misconduct, such as evidence from an illegal police search.").

Randolph , unpub. op. at 6.

Id . at 5.

Id . at 5-6.

Id . at 6.

Id . at 5.

Id . at 10.

MRE 803(2) (defining an "excited utterance" as "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition").

Randolph , unpub. op. at 4 ("While there is some evidence in the record to suggest that Vena was not overcome by the stress or excitement caused by the threat, that issue was not fully explored due to defendant's failure to object. Therefore, we cannot conclude that any error is clear or obvious.").

Id .

Id . at 10.

Id .

Id . (emphasis added).

Id . at 4 (quotation marks omitted).

Id .

To the extent the Court of Appeals held that none of Vena's hearsay statements could have prejudiced defendant under Strickland because they were relevant only to premeditation, the Court's opinion is unclear. Nor did the Court ever consider whether the statements could have been relevant for other purposes. Consequently, the Court's failure to apply Strickland to the ineffective-assistance claim requires a remand.

Because the above discussion is sufficient to resolve this appeal, we decline to consider the second question we asked the parties to brief, i.e., "whether the prejudice standard under the third prong of plain error ... is the same as the Strickland prejudice standard[.]" Randolph , 500 Mich. at 999, 895 N.W.2d 181.