*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

BRYAN SCOTT REYNOLDS,

Defendant-Appellant.

UNPUBLISHED
April 16, 2020

No. 346665
Jackson Circuit Court
LC No. 17-005385-FH

Before: CAVANAGH, P.J., and BECKERING and GLEICHER, JJ.

GLEICHER, J. (*concurring in part and dissenting in part*).

A jury convicted defendant of resisting and obstructing a police officer, MCL 750.81d(1). Defendant raises several challenges to his conviction, including that his counsel performed ineffectively by failing to object to an incomplete jury instruction. The majority holds that only this appellate claim is meritorious, and that the omission was prejudicial. Although I concur with the majority's resolution of all of the other issues presented, I respectfully dissent regarding the finding of prejudice.

As the majority opinion explains, the trial court neglected to read to the jury the third element of the charge of resisting and obstructing a police officer: that the police officer acted lawfully in stopping defendant and by commanding him to remain in his car. The court should have instructed the jury that the prosecutor was obligated to prove beyond a reasonable doubt that the officers "gave the defendant a lawful command, [were] making a lawful arrest, or [were] otherwise performing a lawful act." MI Crim JI 13.1(4).

I concur with the majority that the trial court's failure to read MI Crim JI 13.1 in its entirety was error. But defense counsel affirmatively approved the instructions as given, forfeiting any direct appellate challenge. By neglecting to either recognize that the jury had received an incomplete instruction or to acknowledge a basis for providing an incomplete instruction, counsel probably performed ineffectively. Nevertheless, I discern no prejudice flowing from this omission.

The record supports that the stop of defendant's vehicle was legal. The officers initiated the stop after watching defendant pull out of a parking lot at night with his headlights off, and observed him pull into an incorrect lane of traffic. An officer activated the marked scout car's

lights and defendant conceded that he saw them but claimed "I did not realize you were flashing for me." The officers had reasonable cause to believe that defendant had violated at least two traffic laws. Defendant admitted to at least one of the violations at trial.

In my view, defendant cannot establish a reasonable probability that but for the trial court's failure to instruct the jury on the third element of the resisting and obstructing charge, the results of his trial would have differed. See *People v Randolph*, 502 Mich 1, 9; 917 NW2d 249 (2018) ("Prejudice means a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.") (quotation marks and citation omitted). The lawfulness of the stop was uncontested and not subject to dispute. Accordingly, I would affirm his conviction.


/s/ Elizabeth L. Gleicher