*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

GEORGE ROBERT-LEE POMPURA,

        Defendant-Appellant.

UNPUBLISHED
January 27, 2022

No. 353620
Barry Circuit Court
LC No. 2019-000854-FH

Before: CAMERON, P.J., and M. J. KELLY and SHAPIRO, JJ.

PER CURIAM.

Defendant, George Pompura, appeals as of right his jury trial conviction of second-degree home invasion, MCL 750.110a(3). The trial court sentenced him as a fourth-offense habitual offender, MCL 769.12, to 200 months to 540 months' incarceration, to be served consecutive to "federal prison time." For the reasons stated in this opinion, we affirm in part and remand in part.

## I. BASIC FACTS

On September 23, 2018, Mark and Catherine Johnson discovered that someone had broken into their home and stolen a number of items, including a 0.17 HMR rifle, a 9-millimeter Glock handgun, jewelry, a jar of coins, beer, a flashlight, a diaper bag, and a baby carrier. Catherine Johnson had left a spare set of house keys in her truck, which was in the garage.

Later that evening, Raney Shepard picked up Pompura, a friend of hers, after his vehicle had broken down. She called the police from a gas station because Pompura had a handgun in a backpack. The police detained Pompura when they arrived and, after a search, they located a handgun inside a backpack in a wooded area near the gas station. DNA evidence strongly supported that Pompura was a contributor to the DNA profile on the handgun. One of the officers ran the registration on the handgun. The officer testified that he was surprised to learn that the gun was his own gun. He explained that he had left the gun with the Johnsons, who were considering buying it from him. He learned that the Johnson's home had been broken into and the gun had just been stolen. The officers showed Shepard the backpack, and she confirmed that it was the same backpack that she had seen Pompura with. The officers also discovered the jewelry stolen from the Johnson's home in a dumpster near the gas station. Thereafter, the police located

Pompura's vehicle along the highway. Near his vehicle, they located the 0.17 HMR rifle that had been stolen from the Johnson's residence. Inside the vehicle, they found a black handgun case for a Glock handgun. The serial number on the case was the same as the number on the Glock handgun located in the backpack near the gas station.

In addition, Anastacia Santellan testified that on the day of the home invasion she drove into "the country" with Pompura. She stated, eventually they went down the same dirt road twice, and then at about 6:00 or 6:30 p.m., Pompura stopped the car, got out, and went into a nearby home. Based on their conversations she assumed that he was going to take things from the home. She stated that he later told her that he got into the house by using a set of keys to the house that had been left inside a truck on the property. Initially, Santellan drove away, and, when she returned, Pompura got into the driver's seat and then "pulled around to another little spot" where he picked up his backpack and a black box with a gun inside it. She also testified that Pompura gave her change from the backpack that had not been in the backpack earlier. Santellan also corroborated that Pompura's vehicle had broken down and he had been picked up by someone he described as a "stranger."

## II. ADMISSION OF EVIDENCE

### A. STANDARD OF REVIEW

Pompura argues that the trial court erred by admitting hearsay evidence and improper impeachment evidence. Because he did not object to the admission of the challenged testimony, this issue is unpreserved. See *People v Aldrich*, 246 Mich App 101, 113; 631 NW2d 67 (2001). We review unpreserved evidentiary errors for plain error affecting the defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

### B. ANALYSIS

At trial, Shepard testified that she did not remember if she described the gun and the bag that Pompura had in his possession. Subsequently, one officer testified that a backpack was located near the gas station. He added that:

> A handgun was located inside of the backpack which was similar to the one that [Shepard] had described. She described a handgun similar to the ones that we carry which are Glocks, black in color.

The second officer testified that he showed the backpack to Shepard "[s]o she could identify if that was the backpack that the Defendant had with him in the car." The prosecutor then asked if Shepard confirmed "that that was the backpack the defendant had in the car with her that day," and the officer testified that "[s]he did."

On appeal, Pompura argues that the officers' testimony was an improper impeachment under MRE 613(b), which provides that "[e]xtrinsic evidence of a prior inconsistent statement by a witness is not admissible unless the witness is afforded an opportunity to explain or deny the same and the opposite party is afforded an opportunity to interrogate the witness thereon, or the interests of justice otherwise require." Here, the officers' testimony that Shepard described the gun and confirmed that the backpack was the one she saw in Pompura's possession was not, in

fact, inconsistent with her trial testimony. Shepard did not deny making those statements. Instead, she only testified that she did not remember describing the gun or the bag. Thus, on this record, there is nothing to suggest that the prosecution improperly impeached Shepard's testimony under MRE 613(b).

Next, Pompura argues that the officers' testimony regarding Shepard's statements is inadmissible hearsay. Hearsay is defined as "a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." MRE 801(c). Generally, hearsay may not be admitted into evidence. MRE 802. "An out-of-court statement introduced to show its effect on the listener, as opposed to the truth of the matter asserted, does not constitute hearsay under MRE 801(c)." *People v Gaines*, 306 Mich App 289, 306-307; 856 NW2d 222 (2014). Here, the first officer's testimony could have been offered to show that, after locating a gun in a backpack, the officer had a basis for believing that it was the same gun that Shepard had reported Pompura as being in possession of. The second officer's testimony that Shepard confirmed the backpack was the same one that Pompura had earlier could have also been offered into evidence to show the effect on the listener, i.e., that, having confirmed the backpack was the one they were looking for, the officers stopped their search and turned to investigating whether other items from the home invasion could be linked to Pompura. Although such evidence could have also been offered to prove the truth of the matters asserted—that the gun looked a certain way and that the backpack belonged to Pompura—on a plain-error review, Pompura must show that an error occurred and that it is "clear or obvious." *Carines*, 460 Mich at 763. In this case, given that the evidence could have been properly admitted, we cannot conclude that the admission of the evidence was clear or obvious.

Moreover, even if plain error occurred, Pompura cannot meet his burden of showing that his substantial rights were affected by the admission of the evidence. To show that his substantial rights were affected, Pompura bears the burden of showing he was prejudiced, i.e., "that the error affected the outcome of the lower court proceedings." See *id*. He cannot do so. Shepard testified that she called the police because Pompura had a gun in a backpack. After the police arrived, they located a gun inside a backpack that was in the woods near the gas station. The DNA analysis strongly supported an inference that Pompura was a contributor to the DNA located on the gun. Additionally, Santellan's testimony also linked Pompura to both a gun case and a backpack. Finally, a gun case with a matching serial number to the gun found in the backpack was located in Pompura's vehicle. Jewelry from the Johnson's home was found in a dumpster near the gas station. The Johnson's rifle was approximately 50 feet from Pompura's vehicle. Finally, Santellan's testimony allowed for a reasonable inference that Pompura entered the Johnson's residence using the spare house keys in Catherine Johnson's truck and that he entered the house with the intent to commit a home invasion. In light of the foregoing evidence, Pompura cannot show that, the allegedly erroneous admission of hearsay testimony affected the outcome of the lower court proceedings. Additionally, for the same reasons, he cannot show that any plain error "resulted in the conviction of an actually innocent defendant" or that it seriously affected "the fairness, integrity or public reputation of judicial proceedings." See *id*. at 763-764. Accordingly, reversal is not warranted in this case.

Alternatively, Pompura argues that his trial lawyer was ineffective for not objecting to the officers' testimony. In order to prevail on a claim that his or her lawyer provided ineffective assistance, the defendant bears the burden of showing that the trial lawyer's performance was

objectively deficient and that the deficiency prejudiced the defendant. *People v Randolph*, 502 Mich 1, 9; 917 NW2d 249 (2018). Prejudice means "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. (quotation marks and citation omitted). As explained above, the testimony did not constitute an improper impeachment under MRE 613(b) because Shepard did not, in fact, make a prior inconsistent statement, and the evidence did not clearly constitute inadmissible hearsay. Consequently, Pompura cannot show that his lawyer was ineffective for failing to object on that basis. See *People v Head*, 323 Mich App 526, 539; 917 NW2d 752 (2018) (stating that a lawyer is not ineffective for failing to raise a futile or meritless objection).

Moreover, even if Pompura could show that his lawyer's performance was deficient, he cannot show he was prejudiced by that testimony. The officers' testimony was brief and limited. The first testified that Shepard described the gun; the second testified that she confirmed the backpack located was the same as the one she saw in Pompura's possession earlier. But, even without that testimony, there was significant evidence linking Pompura to the gun and the backpack. Specifically, a DNA analysis linked him to the gun, and Santellan's testimony linked him to the backpack. Further, the fact that the gun case with a matching serial number was located in his vehicle is also strong evidence that the gun located in the backpack was the same one that Pompura had earlier in the day. And, as explained above, there was untainted evidence linking Pompura to the home invasion, including the discovery of multiple items taken from the Johnson's residence near his person and near his vehicle. In light of all the evidence in this case, Pompura cannot show that, but for his lawyer's alleged error in not objecting to the officers' testimony, the outcome of the trial would have been different.

## III. CONSECUTIVE SENTENCING

Pompura also argues that the trial court abused its discretion by making his sentence consecutive to a federal prison sentence he is serving. "In Michigan, concurrent sentencing is the norm and a consecutive sentence may be imposed only if specifically authorized by statute." *People v DeLeon*, 317 Mich App 714, 721; 895 NW2d 577 (2016) (quotation marks and citation omitted). Although MCL 750.110a(8) allows for the imposition of consecutive sentences for defendants convicted of first-degree home invasion, there is no statutory provision also authorizing consecutive sentences for defendants convicted of second-degree home invasion. Pompura was convicted of second-degree home invasion. Thus, as conceded by the prosecution, there is no statutory basis for the imposition of a consecutive sentence in this case. We, therefore, conclude that the trial court abused its discretion by imposing a consecutive sentence.

We affirm Pompura's conviction, but remand for amendment of the judgment of sentence in accordance with this opinion. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Michael J. Kelly
/s/ Douglas B. Shapiro