*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* P. N. ORR, Minor.

UNPUBLISHED
April 10, 2026
10:23 AM

No. 376786
Oakland Circuit Court
Family Division
LC No. 2025-887644-NA

Before: KOROBKIN, P.J., and YOUNG and BAZZI, JJ.

PER CURIAM.

Respondent appeals as of right the initial dispositional order regarding his son, PNO. Respondent argues on appeal that the trial court clearly erred in removing and taking jurisdiction of PNO under MCL 712A.2(b)(1) (failure to provide necessary support or care) and MCL 712A.2(b)(2) (unfit home for child by reason of neglect or criminality). We disagree.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Respondent was arrested on November 22, 2024, on charges of human trafficking, MCL 750.462b. PNO was in his care. Respondent was PNO's putative father. Respondent could not identify any family member able to care for PNO. A Children's Protective Services (CPS) worker looked for available relatives by searching databases and social media and cooperating with a police investigation. Because the worker was unable to do so, the worker moved for the emergency placement of PNO with petitioner, the Department of Health and Human Services (DHHS). The trial court ordered the ex parte removal of PNO. He was placed with a foster family on November 22, 2024.

PNO's mother was located a few days later, however she was incarcerated in Pennsylvania. Respondent suggested his own mother as a potential placement for PNO. Respondent's mother attended a family team meeting when PNO's placement was discussed but no definitive plans were made. She lived in Georgia. Respondent was established as PNO's legal father after a DNA test was conducted. The trial court subsequently authorized the petition and found jurisdiction over PNO as to respondent after he pleaded no contest to the facts establishing jurisdiction. Following the initial dispositional hearing and the issuance of an accompanying order, this appeal ensued.

-1-

## II. REMOVAL

Respondent argues that the trial court erred in removing PNO from his care. We disagree.

"We review the interpretation and application of statutes and court rules de novo." *In re Ferranti*, 502 Mich 1, 14; 934 NW2d 610 (2019). The factual findings of a trial court are reviewed for clear error, which occurs when this Court "is left with a definite and firm conviction that a mistake has been made." *In re Benavides*, 334 Mich App 162, 167; 964 NW2d 108 (2020).

"While a petition is the ordinary route by which child protective proceedings begin, the juvenile code also recognizes that exigent circumstances can require immediate action." *In re Sanders*, 495 Mich 394, 405 n 3; 852 NW2d 524 (2014). The trial court may immediately authorize DHHS to take a child into protective custody if it finds all of the following requirements are met:

> (a) There is reasonable cause to believe that the child is at substantial risk of harm or is in surroundings that present an imminent risk of harm and the child's immediate removal from those surroundings is necessary to protect the child's health and safety.
>
> (b) The circumstances warrant issuing an ex parte order pending the preliminary hearing.
>
> (c) Consistent with the circumstances, reasonable efforts were made to prevent or eliminate the need for removal of the child.
>
> (d) No remedy other than protective custody is reasonably available to protect the child.
>
> (e) Continuing to reside in the home is contrary to the child's welfare. [MCL 712A.14b(1).]

See also MCR 3.963(B).

All of the factors authorizing immediate removal of PNO were met. Respondent was arrested for human trafficking. PNO was four years old and without supervision. Remaining on his own would present a serious risk of harm. MCL 712A.14b(1)(a). Respondent had not identified any relatives that may immediately care for PNO, thus requiring petitioner to take action. MCL 712A.14b(1)(b). Petitioner conducted a search for family member that could take temporary custody of PNO and the agency was unable to find such relatives. Petitioner searched various databases, performed Internet searches, and worked with the police when respondent was arrested. This constitutes reasonable efforts to prevent removal. MCL 712A.14b(1)(c). Because of PNO's young age, protective custody was needed to provide him with safety and security. MCL 712A.14b(1)(d). Similarly, remaining in respondent's home alone would be contrary to PNO's welfare. MCL 712A.14b(1)(e).

Respondent claims that removal of PNO was not necessary *if* he made alternate plans for PNO's care while respondent was incarcerated. There is no evidence respondent made any plans

for PNO's care. In general, "the appellant bears the burden of furnishing the reviewing court with a record that verifies the basis of any argument on which reversal or other claim for appellate relief is predicated." *Kilian v TCF Nat'l Bank*, 343 Mich App 621, 638; 997 NW2d 745 (2022) (quotation marks and citation omitted). On November 26, 2024, four days after his arrest, respondent asked if PNO could be placed with his father or sister. Respondent then stated, "Why did you all take him from my sister in the first place?" and "I thought he was with my dad already, man." While this could indicate that respondent made plans for PNO's care, it seems more likely respondent assumed that PNO would be placed with his family. PNO was with respondent when respondent was arrested. Respondent admitted that "[PNO] was in a different room than me." No information was provided to petitioner about alternate plans for PNO's care when respondent was arrested. Accordingly, removal of PNO was appropriate.

Additionally, respondent mischaracterizes the facts. On appeal, respondent claims that it is unclear when he was arrested. Therefore, he alleges he could have been providing care and custody for PNO or setting up alternate care arrangements through at least January 2025. It was stated several times in the lower court record that respondent was arrested and brought into custody on November 22, 2024. He could not have been providing care and custody for PNO while incarcerated. Respondent's argument that PNO might have been with respondent's mother at the time is simply unsupported by the evidence. Respondent's mother lived in Georgia, and PNO was with respondent at the time of arrest. There was a family team meeting that respondent's mother attended after respondent's arrest when placement with her was discussed. There was no evidence respondent planned for his mother to take custody of PNO before his arrest.

Respondent further alleges that PNO was only placed in foster care after respondent pleaded no contest in April 2025. This is untrue. PNO was immediately placed into foster care on November 22, 2024. Respondent's no-contest plea was not the reason for PNO's removal. Respondent additionally claims that the trial court erred in placing PNO in foster care because respondent's mother was available to care for PNO. As discussed above, there was no evidence that respondent had planned for respondent's mother to take custody of PNO or that she was indeed an available or appropriate placement for PNO. Respondent's failure to provide factual support is fatal to his appeal. *Kilian*, 343 Mich App at 638. Because all statutory requirements were met, respondent has failed to demonstrate that the trial court clearly erred when removing PNO from respondent's care. MCL 712A.14b(1).

## III. JURISDICTION

Respondent argues that the trial court erred in taking jurisdiction of PNO. We disagree.

To preserve an argument in child protective proceedings, a respondent must raise the issue in the trial court. *Ferranti*, 504 Mich at 25. Respondent did not raise the issue of jurisdiction in the trial court; in fact, he pleaded no contest. Thus, this issue is unpreserved. Michigan typically follows the "raise or waive rule of appellate review." *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 289; 14 NW3d 472 (2023). However, this does not apply to cases involving termination of parental rights. *Id*. at 294 n 3.

Any unpreserved challenges to the trial court's assumption of jurisdiction are reviewed for plain error. *In re Sanborn*, 337 Mich App 252, 258; 976 NW2d 44 (2021). "To avoid forfeiture

under the plan error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id*. (citation and quotation marks omitted). An error has affected substantial rights if it affected the proceeding's outcome. *Id*.

To exercise jurisdiction, the trial court must find a statutory basis for jurisdiction by a preponderance of the evidence. *In re BZ*, 264 Mich App 286, 295; 690 NW2d 505 (2004). The trial court can exercise jurisdiction over a child when a respondent enters a plea of admission or no contest to the allegations made in the petition. *In re Baham*, 331 Mich App 737, 745-746; 954 NW2d 529 (2020). However, the trial court must also find that one or more of the statutory grounds for taking jurisdiction alleged in the petition are true. *Id*. at 746. Under MCL 712A.2(b)(1) and (2), the trial court may assume jurisdiction in proceedings concerning a juvenile under the age of 18:

> (1) Whose parent or other person legally responsible for the care and maintenance of the juvenile, when able to do so, neglects or refuses to provide proper or necessary support, education, medical, surgical, or other care necessary for his or her health or morals, who is subject to a substantial risk of harm to his or her mental well-being, who is abandoned by his or her parents, guardian, or other custodian, or who is without proper custody or guardianship.

> * * *

> (2) Whose home or environment, by reason of neglect, cruelty, drunkenness, criminality, or depravity on the part of a parent, guardian, nonparent adult, or other custodian, is an unfit place for the juvenile to live in. [MCL 712A.2(b)(1) and (2).]

In the present case, respondent pleaded no contest to the allegations that he was arrested for sex trafficking that occurred while PNO was in his care and that he continued to be incarcerated. The trial court found grounds for jurisdiction under MCL 712A.2(b)(1) and (2). Respondent alleges on appeal that despite pleading no contest and agreeing that his plea was sufficient for the trial court to take jurisdiction, the trial court erred in taking jurisdiction. Essentially, respondent argues that even if everything he pleaded to was true, this was insufficient to establish jurisdiction.

Respondent has not established that a clear error occurred. Respondent was arrested and held in custody on November 22, 2024. PNO's mother was incarcerated in Pennsylvania at the time. Respondent provided no contact information for her when he was arrested. None of respondent's relatives could be found to care for PNO. At the time of his arrest, respondent was not the legal father of PNO, which may have presented additional difficulties even if his family was able to care for PNO. It is also unclear if any of his family members lived in Michigan, which would further complicate placement.

Respondent reiterates his contention that PNO was not without proper custody because respondent may have placed PNO with respondent's mother. "Caselaw supports that if *a parent* places a child in the care of a relative whose home is not unfit, then the 'without proper custody or guardianship' language is not satisfied." *Baham*, 331 Mich App at 748. There is no evidence

-4-

that PNO was placed with respondent's mother before the petition was filed. In fact, respondent admitted that PNO was in his care when he was arrested. Because PNO was not placed with a relative, he was without proper custody, and jurisdiction was appropriate under MCL 712A.2(b)(1).

In addition, jurisdiction was appropriate under MCL 712A.2(b)(2). Respondent was arrested on charges of human trafficking. He was later additionally charged with torture, MCL 750.85, and transporting a person for prostitution, MCL 750.459. Respondent admitted that PNO was in the other room when he was arrested. Respondent pleaded no contest to the allegation that PNO was in his care when the human trafficking occurred. A home where human trafficking, transportation of a person for prostitution, and torture occur is clearly an unsafe environment for a child. MCL 712A.2(b)(2). Therefore, the trial court did not plainly err by finding grounds for jurisdiction by a preponderance of the evidence.

Affirmed.

/s/ Daniel S. Korobkin
/s/ Adrienne N. Young
/s/ Mariam S. Bazzi