*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
July 25, 2024

v

No. 363219
Kalamazoo Circuit Court
LC No. 2020-001724-FH

LANDEN JOHN BALKEMA,

        Defendant-Appellant.

Before: GADOLA, C.J., and K. F. KELLY and MARIANI, JJ.

PER CURIAM.

Defendant appeals by right his jury trial convictions for three counts of third-degree criminal sexual conduct and one count of fourth-degree criminal sexual conduct. Defendant was sentenced to 45 to 180 months' imprisonment for each of the three third-degree criminal sexual conduct convictions, and 12 to 24 months' imprisonment for the fourth-degree criminal sexual conduct conviction. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

This case arises out of defendant's convictions for criminal sexual conduct committed upon two minor victims at a social gathering. The victims testified that in the early morning of September 7, 2020, they met with defendant and his friend, Jace Whintly. The victims, defendant, and Whintly went to Whintly's home, where the victims testified that defendant sexually assaulted them.

Before the first day of defendant's trial, the prosecutor offered defendant two plea agreements and the trial court offered one *Cobbs*[1] sentencing agreement. The prosecutor's first plea agreement allowed defendant to plead guilty to two counts of third-degree criminal sexual conduct without an agreement as to how he would be sentenced. Defendant declined this offer. In the second plea agreement, defendant would have been allowed to plead guilty to one count of

---

[1] See *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993).

third-degree criminal sexual conduct, and the trial court offered defendant a sentencing agreement of two years' imprisonment. Defendant also declined these offers. On the morning of defendant's first day of trial, the prosecutor reoffered defendant a plea agreement to plead guilty to one count of third-degree criminal sexual conduct while the trial court offered defendant a new *Cobbs* agreement under which defendant would be sentenced to one year in the county jail. Defendant ultimately declined this offer as well and proceeded to trial.

The jury found defendant guilty of all three counts of third-degree criminal sexual conduct, MCL 750.520d (multiple variables/force or coercion), and one count of fourth-degree criminal sexual conduct, MCL 750.520e(1)(b) (force or coercion), and defendant was sentenced as previously noted. Defendant subsequently moved for a new trial alleging that his trial counsel was ineffective during the plea-bargaining negotiations. The trial court held a *Ginther*[2] hearing, during which defendant testified that defendant's trial counsel, Donald L. Sappanos, never explained the sentencing guidelines to him; told him that he could only go to prison for two years if he was convicted at trial; failed to explain that the *Cobbs* agreement defendant was offered on his first day of trial was for a jail sentence and not a prison sentence; and failed to explain the details, benefits, and consequences of the *Cobbs* agreement. Defendant also stated that he would have accepted the *Cobbs* agreement offered to him on the first day of trial if he knew it was for a jail sentence and not prison. Sappanos testified that he explained defendant's sentencing guidelines to him, and that defendant knew the details of his *Cobbs* agreement, including that it was for a sentence in jail. Sappanos also testified that any failure by him to inform defendant of the benefits, consequences, or details of his *Cobbs* agreement offered on the first day of trial was because of time constraints and because defendant insisted on going to trial.

The trial court denied defendant's motion for a new trial, concluding that trial counsel's representation of defendant did not fall below an objective standard of reasonableness, and there was no prejudice that could have reasonably changed the outcome of defendant's proceeding. This appeal followed.

## II. STANDARDS OF REVIEW

Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law. *People v Lopez*, 305 Mich App 686, 693; 854 NW2d 205 (2014) (quotation marks and citation omitted). The trial court's factual findings are reviewed for clear error, while its constitutional determinations are reviewed de novo. *Id*. A finding is clearly erroneous if the reviewing court is left with a definite and firm conviction that a mistake has been made. *Id*.

## III. ANALYSIS

On appeal, defendant argues that his convictions should be reversed and his case remanded to the trial court to permit him to accept the *Cobbs* agreement offered to him on his first day of trial because his trial counsel, Sappanos, was ineffective when representing defendant during the plea-bargaining process. According to defendant, Sappanos failed to adequately explain to

---

[2] See *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

defendant the plea agreement and sentencing agreement offered to him, which he would have accepted had Sappanos done so. We disagree.

"Both the Michigan and the United States Constitutions require that a criminal defendant enjoy the assistance of counsel for his or her defense." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012), citing Const 1963, art 1, § 20; US Const, Am VI. "As at trial, a defendant is entitled to the effective assistance of counsel in the plea-bargaining process." *People v Douglas*, 496 Mich 557, 591-592; 852 NW2d 587 (2014). "Defense counsel's obligation [is] to properly advise defendant regarding the nature of the charges or the consequences of the guilty plea." *People v White*, 331 Mich App 144, 148; 951 NW2d 106 (2020) (quotation marks and citation omitted).

"A defendant must meet two requirements to warrant a new trial because of the ineffective assistance of trial counsel." *People v Armstrong*, 490 Mich 281, 289-290; 806 NW2d 676 (2011). The first requirement defendant must show is that "counsel's performance fell below an objective standard of reasonableness." *Id*., citing *Strickland v Washington*, 466 US 668, 687-688; 104 S Ct 2052; 80 L Ed 2d 674 (1984). The second requirement defendant must show is that "but for counsel's deficient performance, a different result would have been reasonably probable." *Armstrong*, 490 Mich 289-290. "[A] reasonable probability is a probability sufficient to undermine confidence in the outcome." *People v Randolph*, 502 Mich 1, 9; 917 NW2d 249 (2018). "Effective assistance [of counsel] is strongly presumed." *People v Haynes*, 338 Mich App 392, 429; 980 NW2d 66 (2021) (quotations and citation omitted). In determining whether trial counsel's performance falls below an objective standard of reasonableness, a "defendant must overcome the strong presumption that counsel's performance was born from a sound trial strategy." *Trakhtenberg*, 493 Mich at 52.

First, defendant argues that Sappanos was deficient in his representation of defendant when he failed to inform defendant of the proper consequences of proceeding to trial. Similarly, defendant contends that Sappanos was deficient by failing to inform defendant of the benefits of accepting the trial court's *Cobbs* agreement. We are unpersuaded because the record shows that defendant was presented with information regarding the circumstances of his sentencing. Sappanos testified that he explained to defendant his sentencing guidelines and read to him the offer and sentencing guidelines sent by the prosecutor. Sappanos's secretary also testified that Sappanos relayed the information from the e-mail to defendant. Thus, the trial court did not clearly err when it found that Sappanos adequately informed defendant of his potential sentencing consequences.

Defendant also argues that Sappanos was ineffective because he failed to inform defendant that Whintly would not be testifying on defendant's behalf. However, Sappanos testified that it was actually defendant's desire to not have Whintly testify at trial because Whintly "was turning his back on [defendant,]" and "didn't want anything to do with" defendant's case, so "[defendant] believed that [Whintly] would not be a good witness." Thus, the trial court also did not clearly err when it found that Sappanos did not fail to inform defendant that Whintly would not be testifying on his behalf.

Next, defendant argues that Sappanos was ineffective because he failed to inform defendant that the plea agreement allowed defendant to plead guilty to only one count of third-degree

criminal sexual conduct. Sappanos testified that he read defendant's plea offer in full to defendant; thus, defendant knew that the prosecutor was willing to offer defendant a plea to one count of third-degree criminal sexual conduct. Sappanos also testified that at no point did he tell defendant that, if he went to trial, defendant could not be sentenced to more than two years in prison. Therefore, the trial court did not clearly err when it found that Sappanos informed defendant of the sentencing agreement and that he could be sentenced to more than two years' imprisonment.

And lastly, defendant argues that Sappanos was ineffective because he failed to inquire about a no-contest plea with the prosecutor or negotiate for a Holmes Youthful Trainee Act disposition. This argument is not persuasive, as the prosecutor testified she would not have agreed to such a plea. Moreover, Sappanos testified that he would have been willing to pursue a no-contest plea for defendant, but defendant was always insistent on going to trial and proving his innocence.[3]

Affirmed.

/s/ Michael F. Gadola
/s/ Kirsten Frank Kelly

---

[3] Even if we agreed that Sappanos's representation of defendant was deficient, defendant cannot show that "but for counsel's deficient performance, a different result would have been reasonably probable." *Armstrong*, 490 Mich 289-290. "In demonstrating prejudice, the defendant must show the outcome of the plea process would have been different with competent advice." *Douglas*, 496 Mich at 592 (citation and quotations omitted). Other than defendant's rather self-serving testimony, witnesses testified that defendant insisted on going to trial to prove his innocence. Thus, defendant cannot show that it is reasonably probable that he would have accepted the trial court's *Cobbs* offer had it not been for Sappanos's alleged failure to explain it.

-4-