*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
January 17, 2025
2:23 PM

v

No. 364521
Wayne Circuit Court
LC No. 20-002987-01-FC

JAMES WILLOUGHBY,

        Defendant-Appellant.

Before: RIORDAN, P.J., and O'BRIEN and GARRETT, JJ.

PER CURIAM.

Defendant, James Willoughby, asks us to reverse his convictions because he claims that the prosecutor presented insufficient evidence and also committed prosecutorial misconduct. A jury convicted Willoughby of assault with intent to do great bodily harm, MCL 750.84, carrying a concealed weapon (CCW), MCL 750.227, and carrying a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced Willoughby to one year of probation for his convictions of assault with intent to do great bodily harm and CCW, and two years' imprisonment for his felony-firearm conviction. We find no error requiring reversal and, therefore, we affirm.

## I. BACKGROUND

Willoughby shot his cousin, Maurice Boyer, during a physical altercation on May 26, 2020, in Detroit. The prosecutor charged Willoughby with assault with intent to murder, MCL 750.83, assault with intent to do great bodily harm, two counts of felony-firearm, and CCW. During trial, defense counsel moved for a directed verdict on the charge of assault with intent to murder and one count of felony-firearm, arguing that there was insufficient evidence that Willoughby intended to murder Boyer. The trial court denied the motion and, as stated, the jury found Willoughby guilty of the lesser offense of assault with intent to do great bodily harm and the firearm charges. This appeal followed.

-1-

## II.  SUFFICIENCY OF THE EVIDENCE

Willoughby argues that the prosecutor presented insufficient evidence to support his convictions.  We disagree.

### A.  STANDARDS OF REVIEW AND LEGAL PRINCIPLES

We review challenges to the sufficiency of evidence de novo, viewing the evidence in the light most favorable to the prosecution, to determine if any trier of fact could find that the prosecutor proved the elements of the crime beyond a reasonable doubt.  *People v Wang*, 505 Mich 239, 251; 952 NW2d 334 (2020).

The elements of assault with intent to do great bodily harm are: "(1) an attempt or threat with force or violence to do corporal harm to another (an assault), and (2) an intent to do great bodily harm less than murder."  *People v Blevins*, 314 Mich App 339, 357; 886 NW2d 456 (2016) (quotation marks and citation omitted).  "The intent to do great bodily harm less than murder is an intent to do serious injury of an aggravated nature."  *People v Stevens*, 306 Mich App 620, 628; 858 NW2d 98 (2014) (quotation marks and citation omitted).  Minimal circumstantial evidence is required to show intent.  *People v Smith*, 336 Mich App 297, 308; 970 NW2d 450 (2021).  Intent involves questions of witness credibility and the weight of evidence, so it is generally a matter for the jury.  *Id*.

The crime of CCW prohibits a person from carrying a concealed weapon without a license. *People v Williams*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 365299); slip op at 2; MCL 750.227(2).  A felony-firearm violation occurs when a person has a firearm in their possession when they commit or attempt to commit a felony.  *People v Smith*, 506 Mich 1, 5; 954 NW2d 78 (2020); MCL 750.227b.  A defendant may use deadly force in self-defense only if they honestly and reasonably believed that their life was in danger or there was a risk of great bodily harm.  *People v Schurr*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 365104); slip op at 18; MCL 780.972.  Once a defendant presents evidence of self-defense, the prosecution must prove beyond a reasonable doubt that the defendant did not act in self-defense.  *People v Denson*, 500 Mich 385, 399; 902 NW2d 306 (2017).

### B.  DISCUSSION

Willoughby argues that the prosecutor did not meet his burden of proof on any of the charges.  According to Willoughby, evidence showed that he did not intend to injure Boyer and, instead, he acted in self-defense because he felt threatened by Boyer and another man at the scene.

The record reflects that there was sufficient evidence for the jury to find, beyond a reasonable doubt, that Willoughby committed the assault with intent to do great bodily harm. Evidence showed that, following a physical fight, Willoughby shot Boyer once in the groin and once in the shoulder while standing within three feet of him.  Willoughby then announced through expletives that he shot Boyer.  Willoughby's statement and his close proximity to the victim when he fired the shots was sufficient evidence for a reasonable jury to conclude that Willoughby assaulted Boyer with the intent to cause Boyer serious, aggravated injury.

With regard to his CCW conviction, at trial, defense counsel conceded to the jury that Willoughby was guilty of CCW. Further, Detroit Police Officer Michael Ayala testified that he found a handgun in Willoughby's vehicle, and Willoughby admitted to Detective Kena Davis that he did not have a permit to carry a firearm. This was sufficient evidence to establish that Willoughby carried a concealed weapon without a license. Moreover, because the jury could find Willoughby guilty of assault with intent to do great bodily harm because he shot Boyer, Willoughby clearly possessed a firearm during the commission of that felony for purposes of his felony-firearm conviction.

Evidence also established that Willoughby did not act in self-defense. Willoughby told Detective Davis that he feared two men that were on the corner and that he fired the shots before he knew that one of the men was Boyer. But Willoughby told Officer Ayala that he knew he shot Boyer. Further, Boyer and another witness, Itone Warren, testified that Willoughby and Boyer argued for several minutes before Willoughby fired the shots at Boyer, so Willoughby knew he was shooting at Boyer.[1] Evidence also showed that, when Willoughby shot him, Boyer was unarmed and did not make any threats to Willoughby. Officer Ayala further testified that Willoughby was uninjured when police arrived at the scene of the shooting. Based on this evidence, a reasonable jury could find that Willoughby did not shoot Boyer based on a reasonable or honest fear for his life and, therefore, that he did not act in self-defense. Willoughby is not entitled to relief on his claim that insufficient evidence supported his convictions.

## III. PROSECUTORIAL MISCONDUCT

Willoughby further claims that we should reverse his convictions because the prosecutor engaged in misconduct. Again, we disagree.

## A. STANDARDS OF REVIEW AND LEGAL PRINCIPLES

We review de novo preserved claims of prosecutorial misconduct and examine them in the context of the case. *People v Loew*, 340 Mich App 100, 125; 985 NW2d 255 (2022). However, if the issue is not preserved through an objection in the trial court, we review the claim for plain error affecting substantial rights. *People v Cooper*, 309 Mich App 74, 88; 867 NW2d 452 (2015). To establish plain error, a defendant must show that the error affected the outcome of the court proceedings. *People v Randolph*, 502 Mich 1, 10; 917 NW2d 249 (2018). Reversal is warranted only if the plain error resulted in the conviction of an innocent defendant or if the plain error seriously impacted the fairness or integrity of the proceedings. *Id*.

---

[1] To the extent Willoughby claims that Boyer's testimony was not credible because Boyer was intoxicated when the shooting occurred, it is well-settled that it is within the province of the jury to assess the credulity of witnesses. *People v Anderson*, 322 Mich App 622, 632, 912 NW2d 607 (2018).

B. DISCUSSION

Willoughby argues that the prosecutor denied him a fair trial when he commented on Boyer's testimony during his closing argument. Defense counsel objected when the prosecutor stated that Boyer said, "You're really gonna shoot me. Your own cousin. Someone you've known for 46 years." This was not a verbatim quote of Boyer's testimony, but Boyer did testify that Willoughby was his cousin, they knew one another for 46 years, and that he asked Willoughby if he was really going to shoot him. During closing arguments, a prosecutor may argue any facts in evidence and any reasonable inferences arising from those facts. *People v Lane*, 308 Mich App 38, 63; 862 NW2d 446 (2014). The prosecutor's remarks were supported by the evidence and did not constitute misconduct.

Willoughby also claims that it was improper for the prosecutor to argue that Willoughby acted intentionally when he shot Boyer in two different areas of his body. Defense counsel did not object to this remark so, we review it for plain error. *Cooper*, 209 Mich App at 88. Evidence showed that, at very close range, Willoughby shot Boyer in his groin and in his shoulder when Boyer was unarmed. It was reasonable to infer from this evidence that Willoughby shot Boyer in two different places on his body on purpose. Further, because only minimal circumstantial evidence is necessary to show intent, this evidence was sufficient for the prosecutor to infer Willoughby's intent, and no plain error occurred. *Smith*, 336 Mich App at 306.

Willoughby maintains that, although defense counsel did not object, the prosecutor committed misconduct during his rebuttal after defense counsel argued that Willoughby acted in self-defense. The prosecutor remarked that Willoughby's statement to police that he shot Boyer out of fear was not supported by the evidence and that Willoughby knew that his conduct did not constitute self-defense. Willoughby has not shown plain error because a prosecutor may argue that a witness is not credible based on the facts of the case, *People v Howard*, 226 Mich App 528, 548; 575 NW2d 16 (1997), and, as stated, may also make reasonable inferences from the evidence, *Lane*, 308 Mich App at 63. The prosecutor relied on testimony from Boyer and Warren that contradicted Willoughby's statement that he did not know that Boyer was at the scene. The prosecutor reasonably inferred that Willoughby told police that he shot out of fear to establish a claim of self-defense when other evidence showed that Willoughby plainly knew he was shooting his cousin because they argued before Willoughby fired the shots. This did not constitute error, and Willoughby has not established that the prosecutor's remarks denied him a fair trial.

Willoughby also claims that the prosecutor impermissibly used his refusal to testify against him by insinuating that he should have testified about the inconsistent statements he made to the police. A defendant's due process rights are violated when the prosecution uses a defendant's choice to remain silent as substantive evidence or for impeachment. *People v Solmonson*, 261 Mich App 657, 664; 683 NW2d 761 (2004).

In this case, Willoughby chose not to testify at trial. Evidence showed that, after his arrest, Willoughby told Officer Ayala that he was attacked and he admitted that he shot Boyer. During his closing argument, the prosecutor stated that Officer Ayala's body camera footage showed Willoughby saying, "yeah he was cussing me out. We were arguing about whether I should[,] you know[,] go back to the other side of town." Willoughby later told Detective Davis that a stranger

approached him and he fired the gun out of fear. During his closing argument, the prosecutor described Willoughby's statements to police as contradictory, but did not state or imply that Willoughby should have testified in his own defense about the conflicting statements. Willoughby has not shown that the prosecutor made any impermissible statement, so he has not shown plain error.

Willoughby further asserts that the prosecutor impermissibly influenced the jury to convict him by making inflammatory statements and suggesting that Willoughby made false exculpatory statements to police. Although a prosecutor may not raise issues "broader than the defendant's guilt or innocence," when seeking a conviction, *Lane*, 308 Mich App at 66, a prosecutor is not required to use "the blandest possible terms" during closing arguments. *People v Dobek*, 274 Mich App 58, 66; 732 NW2d 546 (2007). Moreover, as discussed, a prosecutor may argue from the evidence that a defendant is not credible. *Id*. at 67.

The prosecutor commented that Willoughby was not telling the truth and that he changed his story when talking to police. As discussed, the prosecutor could argue that Willoughby was not worthy of belief because evidence contradicted Willoughby's claim that he acted in self-defense and he made contradictory statements to police. *Dobek*, 274 Mich App at 67. The prosecutor did not urge the jury to ignore evidence or convict Willoughby based on any impermissible argument. Further, the trial court instructed the jury that attorney arguments are not evidence and jurors are presumed to follow their instructions. *People v Unger*, 278 Mich App 210, 235; 749 NW2d 272. Willoughby has not shown plain error or that he was not denied a fair and impartial trial.

Affirmed.


/s/ Michael J. Riordan
/s/ Colleen A. O'Brien
/s/ Kristina Robinson Garrett