*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
July 08, 2025
10:39 AM

Plaintiff-Appellee,

v

No. 369094
Wayne Circuit Court
LC No. 22-002064-01-FC

KERONTAE KIELIGHA NEAL,

Defendant-Appellant.

Before: GADOLA, C.J., and RICK and YATES, JJ.

PER CURIAM.

Defendant, Kerontae Kieligha Neal, appeals as of right his convictions after a bench trial of assault with a dangerous weapon, MCL 750.82; assaulting, resisting, and obstructing a police officer, MCL 750.81d(1); felon in possession of ammunition, MCL 750.224f(6);[1] and three counts of possession of a firearm during the commission of a felony (felony firearm), MCL 750.227b. Defendant was sentenced as a second habitual offender to concurrent terms in prison of one to four years for assault with a dangerous weapon, nine months to two years for assaulting, resisting, and obstructing a police officer, and one to five years for felon in possession of ammunition, and a consecutive sentence of two years for each felony firearm conviction, to be served concurrent to each other. We affirm.

## I. FACTS

On November 16, 2021, Detroit Police Officers Steven Miller and Christina Messina responded to a call regarding domestic violence at a home in Detroit. When the officers arrived at the home, a woman and her husband approached the officers and reported that the woman's son, later identified as defendant, was in the house and had assaulted them both, and that he had a gun. Defendant's mother told the officers that she wanted defendant removed from the home.

---

[1] This section is now designated as MCL 750.224f(7), effective February 13, 2024, by 2023 PA 201.

The officers entered the house with their guns drawn. Officer Miller testified that he saw defendant, who was blading his body, meaning that defendant had turned sideways and was pointing one side of his body toward the officers; his right hand was in his jacket pocket. Officer Miller explained that this stance typically indicates that the person has a weapon. Officer Messina testified that defendant had his right hand in his pocket and that the pocket looked heavy; as the officers approached, defendant backed away from them. The officers told defendant to take his hands out of his pockets and to walk toward them. Defendant instead moved part way down the basement stairs where he then stumbled. The officers holstered their guns, and Officer Miller attempted to grab defendant. Defendant and Officer Miller then both fell together down the basement stairs. After further struggle, the officers pinned defendant and attempted to handcuff him, but defendant resisted, kicking Officer Messina in the head. The officers repeatedly told defendant to stop resisting. When defendant failed to comply, Officer Miller punched defendant several times.

Officer Miller then saw defendant produce a gun, which he pointed at Officer Miller's chest while pulling at the trigger several times; Officer Miller testified that he heard two clicks of the gun's trigger. Officer Miller moved to evade the gun, which fired next to Officer Miller's head. Officer Miller took the gun from defendant and gave it to Officer Messina, then handcuffed defendant who continued to resist the officers.

Defendant was arrested and charged with assault with intent to murder, assault with intent to do great bodily harm less than murder, two counts of felonious assault, felon in possession of a firearm, felon in possession of ammunition, assaulting, resisting, and obstructing a police officer, domestic violence, and six counts of felony firearm. Before trial, defendant moved to suppress the evidence obtained by the police officers' entry into the home and requested an evidentiary hearing on the motion. At the hearing on the motion, the parties agreed that the trial court could consider the record of the preliminary examination to resolve the motion. After considering the preliminary examination record, the trial court denied both the motion to suppress and defendant's request for an evidentiary hearing.

On the morning of trial, defendant informed the trial court that he was requesting a bench trial. The trial court swore defendant as a witness and explained to him his right to a jury trial. After defendant confirmed that he understood his rights and that his waiver was voluntary, defendant signed a form waiving trial by jury. At the conclusion of trial, defendant was convicted and sentenced as noted. Defendant now appeals.

## II. DISCUSSION

### A. WAIVER OF JURY TRIAL

Defendant contends that his waiver of the right to trial by jury was invalid because it was not made voluntarily and knowingly. We disagree.

Defendant did not raise this issue before the trial court; this issue therefore is unpreserved. See *People v Lafey*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 361936); slip op at 5. We review unpreserved issues for plain error affecting substantial rights, meaning that the plain error affected the outcome of the lower court proceedings. *People v Thorpe*, 504 Mich 230,

252; 934 NW2d 693 (2019). "Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity, or public reputation of judicial proceedings." *People v Randolph*, 502 Mich 1, 10; 917 NW2d 249 (2018).

A criminal defendant is guaranteed the right to a jury trial by the United States and Michigan Constitutions. US Const, Am VI; Const 1963, art 1, § 20; *Lafey*, ___ Mich App at ___; slip op at 5. A defendant may waive the right to a jury trial with the consent of the prosecutor and the approval of the trial court; the waiver must be both knowing and voluntary to be valid. MCR 6.401; *Lafey*, ___ Mich App at ___; slip op at 5. MCR 6.402(B) provides:

> Before accepting a waiver, the court must advise the defendant in open court of the constitutional right to trial by jury. The court must also ascertain, by addressing the defendant personally, that the defendant understands the right and that the defendant voluntarily chooses to give up that right and to be tried by the court. A verbatim record must be made of the waiver proceeding.

When the trial court has complied with MCR 6.402(B), it is presumed that the defendant's waiver of his right to a jury trial was knowingly, voluntarily, and intelligently made. *Lafey*, ___ Mich App at ___; slip op at 6.

In this case, on the morning of trial defendant informed the trial court that he wanted to proceed by bench trial. Before accepting defendant's waiver, the trial court complied with MCR 6.402(B) by advising defendant of his constitutional right to trial by jury and addressing defendant personally to determine whether defendant understood his right to jury trial and was waiving that right voluntarily. After defendant was sworn as a witness, the following colloquy took place:

| | |
|---|---|
| *The Court*: | All right. Mr. Neal, do you understand that you have a constitutional right to a jury trial in this matter? |
| *The Defendant*: | Yes, ma'am. |
| *The Court*: | And you've had an opportunity to – to discuss your trial rights with your attorney? |
| *The Defendant*: | Yes, sir – I mean yes, ma'am. I'm looking at him while I was – |
| *The Court*: | All right. Has anyone threatened you or forced you to waive a jury in this matter? |
| *The Defendant*: | No. |
| *The Court*: | Has anyone promised you anything to get you to waive the jury in this matter? |
| *The Defendant*: | No, they haven't. |

| | |
|---|---|
| *The Court*: | So you understand that instead of 12 people deciding whether you're not guilty [or] guilty of the allegations, the Court will be sitting as the trier of fact? |
| *The Defendant*: | Yes, ma'am. |
| *The Court*: | Is there any objection by the People? |
| [*The Prosecutor*]: | No objection, Judge. |

Defendant then signed a form waiving trial by jury.

Defendant argues that the waiver was inadequate because the trial court failed to explain that a jury verdict must be reached unanimously, or to inquire in greater detail whether defendant understood the nature of a jury trial. Defendant, however, does not point to authority that requires the trial court to inquire or explain more specifically than directed by MCR 6.402(B) when determining whether the defendant's waiver of the right to a jury trial was knowingly and voluntarily made. Rather, as noted, when a trial court complies with the directives of MCR 6.402(B), a presumption is created that a defendant's waiver is knowing, voluntary, and intelligent. *Lafey*, ___ Mich App at ___; slip op at 5.

We observe that "whether or not there is an intelligent, competent, self-protecting waiver of jury trial by an accused must depend upon the unique circumstances of each case." *Id*. at ___; slip op at 6, quoting *Adams v United States ex rel McCann*, 317 US 269, 278; 63 S Ct 236; 87 L Ed 268 (1942). Defendant, however, has not demonstrated that the circumstances of this case rebut the presumption that defendant's waiver was knowing and voluntary. The waiver was conducted in open court, the trial court advised defendant of his right to trial by jury, the trial court addressed defendant personally to determine whether defendant understood his right to a jury trial, defendant stated that he was choosing voluntarily to give up that right and to be tried by the court, and a verbatim record of the waiver proceeding was made. We therefore presume that defendant understood his right to a jury trial and waived that right knowingly and voluntarily absent evidence to the contrary. The record supports that conclusion and defendant has failed to overcome that presumption.[2] See *Lafey*, ___ Mich App at ___; slip op at 5.

B. MOTION TO SUPPRESS

Defendant also contends that the trial court erred by refusing to conduct an evidentiary hearing on defendant's motion to suppress evidence obtained by the officers when they entered defendant's home to arrest him. We review for an abuse of discretion a trial court's decision whether to hold an evidentiary hearing on a motion to suppress evidence. *People v Unger*, 278 Mich App 210, 216-217; 749 NW2d 272 (2008).

---

[2] Further, even when a trial court fails to strictly comply with MCR 6.402(B) in describing the nature of the right to jury trial being waived, that circumstance alone does not create error warranting reversal. See *Lafey*, ___ Mich App at ___; slip op at 6-7.

Generally, a trial court is required to hold an evidentiary hearing on a motion to suppress evidence alleged to have been seized during an unconstitutional search. See *People v Kaufman*, 457 Mich 266, 273-274; 577 NW2d 466 (1998). However, an exception exists when counsel agree that the trial court may decide the motion to suppress on the basis of the record of the preliminary examination. *Id*. at 276. See also MCR 6.110(D)(2), which permits a trial court to consider a motion to suppress on the basis of a prior evidentiary hearing.

In this case, defendant moved before the trial court to suppress evidence obtained by the officers when they entered defendant's home to arrest him, arguing that the search and seizure was unconstitutional. At the hearing on the motion to suppress, the parties stipulated that the trial court could review the record of the preliminary examination to determine whether an evidentiary hearing was necessary to resolve the motion to suppress. At the further hearing on the motion, the trial court denied the motion to suppress and also denied the request for an evidentiary hearing, finding that the testimony of Officer Miller at the preliminary examination established that the officers had probable cause to enter the home on the night of the assault after defendant's mother identified defendant as the assailant who had assaulted her and her husband.

At the preliminary examination, Officer Miller testified that when the officers arrived at the home, a man and woman ran toward the officers and appeared frantic and panicky. The woman had blood on her face and was crying, and told the officers that her son had just tried to kill her and her husband; she identified defendant, standing in the doorway of the house, as her son. Because the parties stipulated to the trial court resolving the motion based upon review of the preliminary examination record, the trial court did not abuse its discretion by declining to hold an evidentiary hearing on the motion to suppress. See *Kaufman*, 457 Mich at 276.

Affirmed.

/s/ Michael F. Gadola
/s/ Michelle M. Rick
/s/ Christopher P. Yates

-5-